Chief Justice Simpson
delivewl the opinion of the Comt.
Buckman exhibited his bill in chancery against Wick-liffe, and obtained an injunction to prevent the latter from collecting some judgments at law he had recovered against him.
The cause was tried, and by a decree of the Circuit Court, the complainant’s bill was dismissed and his injunction dissolved, but without damages. Buckman appealed to this Court, and the decree was affirmed.
This writ of error is now prosecuted by Wickliffe, to reverse the decree of the Circuit Court, because it did not require the complainant to. pay to him ten per cen-tum damages on the amount of the judgments at law, which had been enjoined.
The first question to be determined by the Court is, whether, since the passage of the act of 1838, (3 Stat. Law, 35,) allowing the appellee, or defendant in error, to assign cross errors, without prosecuting a cross appeal or suing out a writ of e.rror, he may, although he fails to avail himself of the right which that statute gives to him, still prosecute a writ of error to reverse the decree after it has been affirmed.
Previous to the passage of the statute, the appellee, or defendant in error, had no right to object to the decree; but if the errors complained of were not injurious to the appellant, or the plaint iff In error, the decree was affirmed, and the defendant in error was then allowed to prosecute his writ for the correction of any errors in the decree that were to his piejudice.
The statute gives him the right to assign cross errors, but does not deprive him of the right that belonged to *425 him at the time of its passage, to prosecute a writ of error, after an affirmance, for the correction of the decree, so far tjs it may be injurious to him. The right given by the statute is merely cumulative, and. a failure to exercise it, does not take away the previously existing right. The defendant in error has the option to proceed in either way, and unless he makes his objections to the decree, by the assignment of cross errors, he can, if the decree be affirmed, subsequently prosecute his writ of error. It might have been good policy for the Legislature, when the assignment of cross errors was allowed, to hava taken away the right of the defendant to prosecute a writ of error, if he failed to assign cross errors, but not having done so, either expressly or by necessary implication, the right must be deemed still to exist. Wickliffe, therefore, has a right to prosecute this writ of error, although he failed to assign cross error when the case was before the Court upon the appeal taken by Buckman.
Where there ex'-isls no ground for an injunction enjoining a. judgment at the filing of a bill ten per cent, damages should be given upon its dissolution.
The next question to he considered is, whether ten per centum damages on the amount enjoined should have been decreed against Buckman upon the dissolution of his injunction. The equity relied upon to sustain the injunction, was the alleged inability of Wic.k-liffe to make a title to the land according to the agreement of the parties upon which the notes were executed, for the non-payment of which the suit at law had been brought and the judgments recovered which had been enjoined. By affirming the decree of the Court below, this Court decided that Wickiiffe was able to comply, and had complied with the contract upon his part. If such were the state of case when Buckman obtained his injunction, he had no equity, and ten per centum damages should have been decreed against him, when the injunction was dissolved. We are of opinion that the deed executed in the joint names of Wickliffe and Short, conveyed the title to Buckman, and as that deed was executed before Buckman instituted his suit in chancery, and contained a warranty of title upon *426 upon the part of Wickliffe, that no cause existed that authorized the injunction at the time it was obtained, and consequently ten per centum damages should have been decreed against the complainant., Wickliffe, it is true, procured, during the pendency of the suit, another deed from Short, but that was unnecessary, as he had previously complied with his contract, and conveyed Short’s title to Buckman.
Wickliffe for plaintiff; Kelley for defendant.
Wherefore, the decree of the Court below is reversed, and cause remanded, with directions to dismiss the complainant’s bill, and to dissolve his injunction, with ten •per centum damages on the amount enjoined at the '¿time the injunction was obtained.