FRANCIS W. PAGE *et al.*

*v.*

THE PEOPLE *ex rel.* Herman G. Weber, Collector, etc.

*Filed at Mt. Vernon June 21, 1881.*

1. ERROR—*former writ of error as a bar to second by other party.* Where one party prosecuted a writ of error from the Appellate Court to an inferior court, if the defendant in error in that case presented the same question as presented by him on a writ of error afterwards sued out by him from this court, or if it was his duty to have caused it to be presented, by cross-errors, the judgment of affirmance on the prior writ of error will be a bar to the error assigned on the second, otherwise it will not be a bar.

2. PRACTICE—*Appellate Court can only pass on errors assigned.* The Appellate Court is not authorized to take notice of or pass upon an error which is not assigned by either party.

3. CROSS-ERRORS—*optional—effect on right to second writ of error.* An appellee or defendant in error, under the statute, may assign cross-errors, if he sees fit, or may prosecute an appeal or writ of error separate and independent of that of his adversary, if he does not assign cross-errors. If he assigns cross-errors, however, he can not himself afterwards prosecute a writ of error upon the same record.

4. RELEASE OF ERRORS—*of the proper judgment if plea be bad.* Where a plea of release of errors, on demurrer thereto, is adjudged bad, a judgment of reversal must be entered thereon.

5. SAME—*payment of judgment.* The payment of a judgment for taxes against lands before the delivery of any precept of sale to the collector, is not any release of errors in the proceedings, and will not bar the prosecution of a writ of error to reverse the judgment.

6. The payment or satisfaction of a judgment against a party is never a bar to a writ of error, even though no restitution can follow the reversal as a legal consequence, and no costs can be recovered. An erroneous judgment against him is an injury *per se,* from which the law will intend he is or will be damnified by its remaining unreversed.

WRIT OF ERROR to the County Court of St. Clair county; the Hon. FREDERICK H. PIEPER, Judge, presiding.

Application for judgment against delinquent lands and lots of plaintiffs in error was made by Herman G. Weber, collector of St. Clair county, for the taxes due the city of East St. Louis for the year 1876, which taxes were extended at the rate of 22 mills upon the dollar of the assessed valuation of the property.

Plaintiffs in error filed objections to the entry of judgment against said lands and lots, the second whereof is: " The per centum of taxation against said property for city purposes, as shown herein, is in excess of the per centum allowed to be assessed and levied by the charter of said city and the laws of the State."

Proof of advertisement of delinquent list and certificate of publishers to same was given in evidence. Plaintiffs in error then gave in evidence proof to the effect that the equalized valuation of the taxable property within the corporate limits of the city of East St. Louis, for the year 1876, was $4,408,305; also, an ordinance making the annual appropriations for the current fiscal year, and providing for the levy and collection of a tax therefor, as follows:

" *Be it ordained by the City Council of the City of East St. Louis:*

"SECTION 1. That there be and hereby is appropriated, to be provided for by the general tax levy for the current fiscal year, the aggregate sum of ninety-six thousand eight hun-

dred and thirty-two dollars and twelve cents, for the following purposes, to-wit: (specifying the different corporate purposes, and the amount appropriated to each).

"Sec. 2. That there be levied and collected upon the assessed value of all property, real and personal, within the jurisdiction of the city, the sum of ninety-six thousand eight hundred and thirty-two dollars and twelve cents, as the aggregate of the several amounts required to be raised by taxation for use of the city, as the general tax levy for the current fiscal year, (A. D. 1876,) to be extended by the county clerk of St. Clair county on the assessed valuation of the property aforesaid, as equalized and assessed by the State Board of Equalization, and in accordance with the general Revenue law of the State.

"Sec. 3. That the city clerk, immediately upon the passage, etc., of this ordinance, certify to the county clerk the said several amounts and aggregate amount required to be raised by taxation for the use of the city, as required by sec. 122, chap. 120, of the Revised Statutes of 1874."

Proof was made that this ordinance was duly published, and also that the tax levied by the ordinance was properly certified to the county court. Judgment was rendered as asked by the collector.

Plaintiffs in error assign for error:

*First*—The court erred in rendering judgment for more than 13 mills on the dollar of the equalized valuation of property of plaintiffs in error.

*Second*—The court erred in rendering judgment for 14 mills on the dollar, and in not rendering judgment for 10 mills on the dollar, of the equalized valuation of the property of the plaintiffs in error.

The People file the following pleas in this court, omitting the caption:

"And now come the said people on the relation aforesaid, by J. M. Freels, their attorney, and defend the wrong and injury, when, etc., and pray judgment of the said writ, and

say that the plaintiffs in error ought not to have their afore-
said writ and action against them, the defendants aforesaid,
because they say that they, the said people, on the relation
aforesaid, heretofore impleaded the said plaintiffs, as re-
quired by law, in the county court of St. Clair county, in the
county of St. Clair, and State of Illinois, to the August term,
1877, of said county court, in a certain application for judg-
ment against the lots and tracts of land of plaintiffs, therein
described, for judgment, for the city taxes of the city of
East St. Louis, for the year 1876, before and then due and
delinquent thereon; which said taxes amounted to twenty-
two mills on the dollar of the equalized assessed value of
said property, and are the same taxes named and described
in the record now before this court in this cause, and none
other, and which said taxes plaintiffs in error had refused and
still refuse to pay, and then and there came into court and
filed written objections to the validity of said taxes, and the
right of the court to render judgment for the same, which
objections were and are the same named and set out in said
record; that on the 23d day of August, 1877, at said term
of said court in said county, said court, after a full hearing
of the law, and the evidence adduced by the respective
parties herein, then and there rendered judgment in favor of
the said people, on the relation aforesaid, against the said
lots and lands of plaintiffs, $\frac{14}{22}$ of the said city taxes, which
are the same judgment and cause of action set out in the
record in this cause, and none other, to which ruling and
judgment for $\frac{14}{22}$ of said city taxes plaintiffs in error took
no exceptions; but the people, on the relation aforesaid, then
and there excepted to said judgment, because it was not
for the whole of said city taxes instead of $\frac{14}{22}$ thereof, and
refused judgment as to $\frac{8}{22}$ of the said city taxes; to which
refusal to give judgment for $\frac{8}{22}$ of said city taxes the
people, on the relation aforesaid, then and there excepted;
and the court gave the people, on the relation aforesaid, sixty
days to file a bill of exceptions, which they did on the 19th

day of October, 1877,—which said bill is the same bill of exceptions set out in the record in this cause,—and removed the said cause by writ of error into the Appellate Court of Illinois, Fourth District; which said Appellate Court, under the law then in force, had jurisdiction in all such cases, and from which court process issued in said cause, and was duly served upon plaintiffs in error (then defendants), to appear before said court, as required by law; that at the February term, A. D. 1879, of said Appellate Court, the plaintiffs in error now, who were then defendants in error, appeared, filed briefs and joined in error, but did not assign any cross-errors, and on the 25th day of March, 1879, at said term, in said Appellate Court, the said cause came on to be heard, and the court having examined and inspected the record and proceedings aforesaid, and the matters and things therein assigned for error, found no error whatever, and ordered and adjudged that the judgment aforesaid be affirmed in all things, and stand in full force and effect, notwithstanding the said matters and things therein assigned for error; and further ordered and adjudged that the said defendants in error (now plaintiffs in error) recover of and from the said plaintiffs in error (now defendants in error) costs by them in that behalf expended, and that they have execution therefor; which said judgments in said Appellate Court are, and still remain, in full force and effect. And this the defendants, said people, on the relation aforesaid, are ready to verify by the said record therein; wherefore they pray judgment if . the plaintiffs ought to have their aforesaid writ and action," etc. Signed by State's attorney.

"And for a further plea in this behalf, the defendants say that the plaintiffs ought not to have their aforesaid writ and action against them, the defendants, because they say that after the rendition of said judgment in the said St. Clair county court aforesaid, and before the county clerk of said county had made out and delivered to the said collector any record of the lands and lots against which judgment had

been rendered as aforesaid, or any process or record for the sale of such property, as required by section 194 of the general Revenue law of this State, before there can be any sale of delinquent lands for taxes in this State, to-wit: on the 20th day of September, 1877, and long before the suing out of this writ, plaintiffs paid to the said collector, under protest, the amount for which judgment had been rendered against their lands for the said city taxes of East St. Louis, for the year 1876, as aforesaid; and that afterwards, to-wit: on the 20th day of October, 1877, he, the said collector, paid over the said sum so received to the legal authorities of said city, in his settlement with them, for the taxes received on the said city taxes for the year 1876, which sum so paid to him by plaintiffs said city accepted prior to the suing out of this writ, in full payment of the tax due from them to said city, for said year 1876, and which were and are the same taxes now in question in this suit. And this the defendants are ready to verify, wherefore they pray judgment if the plaintiffs ought to have their aforesaid writ, and action," etc. Signed by State's attorney.

To each of these pleas there is a demurrer filed by the plaintiffs in error.

Messrs. FLANNIGEN & CANBY, for the plaintiffs in error.

Mr. J. M. FREELS, for the defendant in error.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

The present plaintiffs in error were the defendants in error in the writ of error sued out from the Appellate Court for the Fourth District, pleaded in the first plea, and if, when the record brought up by that writ was before that court, the question raised by the error here assigned was presented, or if it was their duty to have caused it to be presented by the assignment of a cross-error, the plea is good, and the demurrer thereto must be overruled. But, on the other

hand, if that record did not present the question raised by the error here assigned, and plaintiffs in error were not bound to have caused it to be presented by the assignment of a cross-error, the plea is bad, and the demurrer thereto must be sustained. This is as favorable a view to plaintiffs in error as their counsel claims, and as is sanctioned by the authorities.

It is not claimed that, under the errors assigned upon that record, the question was presented. No error under which that question can be said to have been properly before the court was assigned, and the Appellate Court, in the condition of the record as then presented, was not authorized to take notice of or pass upon it. *Jackson* v. *Warren*, 32 Ill. 331; *Gilbert* v. *Maggord*, 1 Scam. 471.

The question then remains, were plaintiffs in error bound to assign the error here assigned as a cross-error, upon that record.

Originally, cross-errors were not allowed to be assigned in this court as a matter of right. *Smith* v. *Sackett*, 15 Ill. 528. And the only remedy, therefore, allowed to a defendant in error, or appellee, who felt himself aggrieved by error in the record, was to also appeal or sue out a writ of error in the same case, his right to do so not being barred or affected by the appeal or writ of error of his adversary. *Harding* v. *Larkin et al.* 41 Ill. 413.

Afterwards (in 1869), the General Assembly enacted, that "in all cases of appeal to the Supreme Court, or writ of error, the appellee or defendant in error may assign cross-errors, and the court shall dispose of the same as in other cases of assignment of error." Rev. Stat. 1874, p. 784, § 79.

This, it will be perceived, is permissive only. It confers upon the appellee or defendant in error a discretion to assign cross-errors, but it does not make it imperative that they shall do so, nor bar them of the right to prosecute a cross-appeal or writ of error, if they shall elect not to assign cross-errors. If they do assign cross-errors, they can not

afterwards prosecute a writ of error upon the same record; but when they do not do so, they retain their common law right to sue out a writ of error upon the same record. This identical question was before the Court of Appeals of Kentucky, in *Wickliffe* v. *Buckman,* 12 B. Mon. 424, and they ruled there, as we do here, in favor of the right to prosecute the cross-writ of error. We therefore deem the plea insufficient, and the demurrer thereto must consequently be sustained.

The second plea is a plea of release of errors. It claims the errors are released because of the payment of the judgment before the suing out of the writ, and before any record of the lands and lots had been made out and delivered to the collector by the county clerk, or any process for the sale of said lots and lands had come into the hands of said collector, etc. The plea is clearly insufficient, and the demurrer thereto must be sustained. The payment of a judgment, before execution issued, does not operate as a release of errors. *Richeson* v. *Ryan,* 14 Ill. 74; *Hatch* v. *Jacobson,* 94 id. 584.

We do not consider it important to inquire, whether, as contended by counsel for defendant in error, the law is that the plaintiffs in error, under the facts disclosed by this record, can not recover the money paid by them upon this judgment, or whether it is the other way, since it is well settled that the payment or satisfaction of a judgment against a party can never be allowed as a bar to a writ of error, "even in case where we must see that no restitution could follow the reversal as a legal consequence, and no costs be recovered. An erroneous judgment against him is an injury *per se,* from which the law will intend he is or will be damnified by its continuing unreversed." *Barthelemy* v. *The People,* 2 Hill, (N. Y.) 255; *Gordon* v. *Gills,* 3 Smedes & Marshall, (Miss.) 492; *Armes* v. *Chappell,* 28 Ind. 469.

This disposes of the case, and it is unnecessary to further inquire, as we are invited by the arguments filed, whether

error was properly assigned on the exceptions taken during the trial. When a plea of release of errors, on demurrer thereto, is adjudged bad, a judgment of reversal must be entered thereon. *Clapp et al.* v. *Reid et al.* 40 Ill. 121; *Ruckman et al.* v. *Alwood et al.* 44 id. 183; *Thornton et al.* v. *Houtze et al.* 91 id. 217.

The judgment is reversed and the cause remanded.

*Judgment reversed.*