THE SUBURBAN RAILROAD COMPANY

·*v.*

THE CITY OF CHICAGO *et al.*

*Opinion filed October 26, 1903.*

1. APPEALS AND ERRORS—*when party is estopped to sue out writ of error.* A defendant in error in the Supreme Court who fails to assign cross-error to support his contention that error arose from the absence of an alleged necessary party, cannot subsequently sue out an original writ of error in the same case and assign such point as error. (*Page v. People,* 99 Ill. 418, distinguished, and doctrine limited.)

2. SAME—*party committing error is estopped to complain of same error.* A complainant who fails to make a certain party a defendant to his bill to enjoin the removal of an obstruction from the street, is estopped to complain, on appeal, that the defendant erred in not making the same party a defendant to its cross-bill to compel such removal.

3. PARTIES—*when mortgagee of railroad is not a necessary party.* A mortgagee of a leasehold interest in a railroad, who is not in possession, is not a necessary party to a proceeding by a city against the owner and the lessee of the railroad to compel the removal of the track from the street as a nuisance, where the lessee had no interest upon which the mortgage could take effect, the right to occupy the street with tracks having expired by limitation under the grant from the city.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. MURRAY F. TULEY, Judge, presiding.

CLARENCE A. KNIGHT, and WILLIAM G. ADAMS, for plaintiff in error.

CHARLES M. WALKER, Corporation Counsel, and WILLIAM H. SEXTON, for defendants in error.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

On April 9, 1902, the Chicago Terminal Transfer Railroad Company, one of the defendants in error, filed its bill in the circuit court of Cook county against the city of Chicago, the other of the defendants in error herein,

and the Suburban Railroad Company, plaintiff in error herein, praying for an injunction against the city of Chicago from interfering with the railroad tracks, maintained by the Chicago Terminal Transfer Railroad Company and the Suburban Railroad Company, upon the west side of South Fortieth avenue between Taylor street and Randolph street, and upon Randolph street from South Fortieth avenue west to Fifty-second avenue, formerly known as Robinson avenue, in the city of Chicago. Answers were filed to the bill by the city of Chicago, and by the Suburban Railroad Company.

On May 24, 1902, in said suit, the city of Chicago filed a cross-bill against the Chicago Terminal Transfer Railroad Company, the complainant in the original bill, and the Suburban Railroad Company, co-defendant with the city of Chicago in the original bill, the cross-bill of the city praying that the Chicago Terminal Transfer Railroad Company and the Suburban Railroad Company, who were made defendants to such cross-bill, might be required to make answer not under oath, and that it might be decreed that all the rights and privileges, alleged to have been granted by the ordinances, passed by the board of trustees of the town of Cicero on October 5, 1887, and on November 5, 1887, as set forth in the original bill, had been forfeited, and had ceased and determined; and that the track upon the aforesaid portions of South Fortieth avenue between Taylor and Randolph streets, and upon the portion of Randolph street between South Fortieth avenue and Fifty-second avenue, was, and did constitute, a nuisance, and that said nuisance might be abated, and the defendants to the cross-bill be ordered to remove the track. Answers were filed to the cross-bill of the city by the two railroad companies above named. Replications were filed to the answers in both the original and cross-suits.

After hearing had, the circuit court of Cook county entered a decree on July 3, 1902, upon the original bill

of complaint as amended, the answers thereto and rep-
lications, and upon the cross-bill of the city, and the an-
swers thereto, and the replications, and the testimony
and evidence, and therein decreed that the original bill
be dismissed for want of equity; that the equities of the
case were with the cross-complainant, the city of Chi-
cago; and that the rights of the two railroad companies
to maintain and operate any railroad track or tracks
upon the streets above named had been forfeited, and
had ceased and determined; and it was also in said decree
further ordered, that the cross-defendants, the Chicago
Terminal Transfer Railroad Company, and the Suburban
Railroad Company, should proceed forthwith to remove
the tracks, then maintained by them upon the portions
of South Fortieth avenue and Randolph street, above
specified.  An appeal was prayed from the decree so en-
tered by the circuit court to this court, but the appeal
was never perfected.  Subsequently, however, the Chi-
cago Terminal Transfer Railroad Company sued out a
writ of error from this court for the purpose of review-
ing the decree, so entered by the circuit court.

The city of Chicago, and the Suburban Railroad Com-
pany, were defendants in error to the writ of error, so
sued out by the Chicago Terminal Transfer Railroad
Company.  The suit, so brought to this court by writ
of error, was argued and submitted to the court at the
October term, 1902.  At the February term, 1903, this
court made a decision, and filed an opinion giving the
reasons therefor, affirming the decree so entered by the
circuit court.

The Suburban Railroad Company, one of the defend-
ants in error in the proceeding instituted in this court
by the Chicago Terminal Transfer Railroad Company, as
above set forth, did not assign any cross-errors, although
by its counsel it appeared and filed a brief and argued
the cause, taking, in the argument, substantially the
same positions taken by the Chicago Terminal Transfer

Railroad Company, the plaintiff in error therein, and insisting upon a reversal of the decree, so rendered by the circuit court.

Since the decision, so made by this court at the February term, 1903, the Suburban Railroad Company has sued out the present writ of error for the purpose of reviewing the same decree, entered by the circuit court on July 3, 1902, and, here, in this proceeding, the city of Chicago and the Chicago Terminal Transfer Railroad Company are defendants in error. The record, now brought before us by the present writ of error, sued out by the Suburban Railroad Company, is the same record, which was before us when the Chicago Terminal Transfer Railroad Company sued out its writ of error.

The merits of the present controversy were decided by this court upon the former hearing of the cause. The only questions, which we now deem it necessary to consider, are these: *First*, whether the Suburban Railroad Company, having been a defendant in error when the case was here before upon a writ of error sued out by the Chicago Terminal Transfer Railroad Company, and having failed at that time to assign any cross-errors, has now the right to attack the decree of the circuit court, entered on July 3, 1902, in this proceeding brought by an original writ of error; and, *second*, whether the failure of the city, cross-complainant below, to make the Chicago Title and Trust Company, claimed to be a mortgagee under a mortgage executed by the Suburban Railroad Company, a party defendant to the cross-bill, is such an error as will authorize a reversal of said decree, affirmed upon the writ of error, sued out by the Chicago Terminal Transfer Railroad Company, at the suit of the Suburban Railroad Company upon the present writ of error. In other words, the two questions here to be considered are, *first*, whether a defendant in error in a proceeding brought to this court by a writ of error, who neglects to file any cross-errors, has the right thereafter to sue out an origi-

nal writ of error for a review of the decree of the trial court; and, *second*, whether, under the circumstances of this case, as hereafter stated, the decree of the circuit court should be reversed for failure to make the mortgagee above named a party defendant to the cross-bill.

It will be necessary to state some of the facts, in order to understand the questions thus arising upon the present record. Under certain ordinances, passed by the town of Cicero, the Chicago, Harlem and Batavia Railway Company secured the right to lay down railway tracks in the streets, or portions thereof, above described. The territory, wherein said streets run, subsequently became annexed to the city of Chicago after the passage of the ordinances above named. The Chicago, Harlem and Batavia Railway Company conveyed all its property to the Chicago and Northern Pacific Railroad Company. In October, 1893, or thereabouts, the Chicago and Northern Pacific Railroad Company made a mortgage of all of its property to the Farmers' Loan and Trust Company to secure certain bonds. In 1895 the Farmers' Loan and Trust Company filed a bill in the United States Circuit Court for the Northern District of Illinois against the Chicago and Northern Pacific Railroad Company to foreclose said mortgage, and in said proceeding one A. L. Hopkins was appointed receiver. On May 19, 1896, Hopkins, the receiver, leased the Chicago, Harlem and Batavia Railway Company, which appears to have become vested as above stated in the Chicago and Northern Pacific Railroad Company, to the present plaintiff in error, the Suburban Railroad Company, subject to the performance of all the obligations of the owner of said railroad, to-wit, the Chicago and Northern Pacific Railroad Company, to the municipalities through which the road extended. Before, however, the receiver made this lease to the Suburban Railroad Company, the Suburban Railroad Company, by mortgage dated March 2, 1896, and recorded December 14, 1896, mortgaged its property to

the Chicago Title and Trust Company to secure certain bonds. Subsequently, on June 20, 1896, a decree of foreclosure was entered by the Federal court, foreclosing the mortgage executed by the Chicago and Northern Pacific Railroad Company to the Farmers' Loan and Trust Company, and ordering a sale of the mortgaged property. On November 17, 1896, or thereabouts, all the property of said railroad company was sold under said decree to the Chicago Terminal Transfer Railroad Company above mentioned, subject to the lease so made by the receiver; and possession appears to have been delivered on July 1, 1897.

It thus appears that, by purchase at a foreclosure sale, or by transfer from purchasers at such foreclosure sale, the Chicago Terminal Transfer Railroad Company became owner of the tracks here in controversy, or of all the interest therein of the Chicago and Northern Pacific Railroad Company, subject to the lease, executed by the receiver to the Suburban Railroad Company in the foreclosure proceeding. The Suburban Railroad Company was a mere tenant, and whatever interest it had in the tracks lying in the streets above mentioned, or in the rights and privileges granted by the ordinances above referred to, was a mere leasehold interest. Therefore, the mortgage executed by the Suburban Railroad Company to the Chicago Title and Trust Company, if it included these tracks at all, or the rights, granted by and under the said ordinances, was a mortgage upon a mere leasehold interest, or the interest of a tenant for a term of years.

When the Chicago Terminal Transfer Railroad Company filed its original bill to enjoin the city from a threatened tearing up of these tracks, it did not make the mortgagee of the leasehold interest, to-wit, the Chicago Title and Trust Company, a defendant to its bill, but it only made the city of Chicago and the Suburban Railroad Company, the lessee, defendants to said original

bill. When the city of Chicago filed its cross-bill, it made defendants to that cross-bill the parties already in court by reason of the original bill, to-wit, the Chicago Terminal Transfer Railroad Company and the Suburban Railroad Company. The city did not make the Chicago Title and Trust Company a defendant to its cross-bill, and thereby bring in a new party, not a party to the original bill.

*First*—The Suburban Railroad Company, when a defendant in error in this court under the former proceeding, assigned no cross-errors, but through its counsel filed a brief and made an argument, insisting that the court below had erred in not requiring that the Chicago Title and Trust Company, alleged mortgagee of the leasehold interest, be made a party defendant to the cross-bill. In its argument filed in the present proceeding, the city of Chicago, one of the defendants in error herein, states in its brief: "The present plaintiff in error [the Suburban Railroad Company] filed an elaborate brief herein, and among other things argued at great length that the decree of the circuit court was erroneous, because the Chicago Title and Trust Company, alleged trustee, was not made a party to the cross-bill filed by the city." The Suburban Railroad Company, plaintiff in error in this proceeding, also states through its counsel in its brief here filed: "We directed our argument mostly to the question as to whether the trustee was a necessary party."

Upon the former hearing, the present plaintiff in error, the Suburban Railroad Company, urged upon this court that the mortgagee above mentioned should have been made a party defendant to the cross-bill, and seemed to take the ground that it had a right to make this point without assigning any cross-errors. Of course, no cross-errors were assigned by the city of Chicago upon the former hearing, because the decree below had been in favor of the city of Chicago, and it was not complaining of the decree. Therefore, it was unnecessary for the city

to assign any cross-error. (*City of Chicago* v. *Weir*, 165 Ill. 582).    Upon the former hearing, the Chicago Terminal Transfer Railroad Company assigned no error to the effect that the mortgagee had not been made a party to the cross-bill, because it was itself originally guilty of the same error by not making the mortgagee a party to the original bill.    It appears from the evidence that, upon the trial of the case in the court below, the Chicago Terminal Transfer Railroad Company had in its possession and introduced in evidence the mortgage, or trust deed, made by the Suburban Railroad Company to the Chicago Title and Trust Company.

In the opinion filed by this court when the case was here upon the former hearing, we said: "A suggestion has been made in the briefs and arguments in this court that a necessary party has been omitted.    There is no assignment of error raising the question.    The complainant in the bill did not make the alleged mortgagee of the lessee a party, nor did the city do so in its cross-bill. While the question of lack of necessary parties can be raised on appeal, though not raised in the court below (*Gerard* v. *Bates*, 124 Ill. 150,) still, as the record is presented, we do not feel called upon to determine whether the omitted mortgagee was a necessary party or not." The question then as to whether the mortgagee ought or ought not to have been made a party defendant to the cross-bill, was not passed upon by this court at the former hearing, because there was no assignment of error by any of the parties, which made that point, or embodied that contention.    Surely, the Chicago Terminal Transfer Railroad Company, not having assigned as error the failure of the city to make the mortgagee a party defendant to its cross-bill, is estopped from making any such contention now.    If the decree of the circuit court is now reversed, upon the application of the Suburban Railroad Company under the present writ of error, for failure of the cross-complainant to make such mortgagee a party

to the cross-bill, such reversal will inure to the benefit of the Chicago Terminal Transfer Railroad Company, and, notwithstanding its own neglect, it will reap the benefit, in case of such reversal, of the action now taken by the Suburban Railroad Company.

It appears that the interests of the Chicago Terminal Transfer Railroad Company and of the Suburban Railroad Company upon this question, and upon all the questions involved in this case are, and were at the former hearing, the same. The two railroad companies upon the former hearing acted together. Their interests were identical. Indeed, the former opinion, filed by this court, states that the city of Chicago, one of the defendants in error at the former hearing, filed its motion to strike the briefs of the Suburban Railroad Company, its co-defendant in error, from the files, on the ground that such briefs were not in defense of the decree, but were in aid of the Chicago Terminal Transfer Railroad Company, and, therefore, not proper to be filed. It would seem to be unjust that the Suburban Railroad Company should be permitted to insist before this court upon one hearing, that the court below erred in not seeing to it that the mortgagee was made a party to the cross-bill, and, when defeated in that contention, be allowed to make the same point upon this second hearing to the disturbance of the decision already made. Certainly, the Suburban Railroad Company could have assigned a cross-error upon the former hearing, and made the contention which it now makes in the present proceeding, and inasmuch as its interests were identical with those of the Chicago Terminal Transfer Railroad Company upon the former hearing, and it acted with the plaintiff in error on the former hearing, it should abide by the result already reached. It is a well established principle in pleading, that one party cannot complain of an error in the opposite party when it has itself first committed the same error. If the Chicago Title and Trust Company, as mort-

gagee, had such an interest in these tracks that it was entitled to be heard upon the question of their removal, then, when the Chicago Terminal Transfer Railroad Company filed its original bill to enjoin the city from removing them, it should have made the mortgagee a party to the proceeding. Not having done so, it ought not to be allowed to complain that the city in its cross-bill did not make the mortgagee a party; and the Suburban Railroad Company, occupying a position identical with that of the Chicago Terminal Transfer Railroad Company, ought not to be allowed to complain. If the Suburban Railroad Company, upon the former hearing, sought to make the point as to the absence of the mortgagee from the record as a party, upon the ground that such point could be made at any time upon appeal or writ of error without the assignment of a cross-error, then it made a mistake in selecting its mode of presenting that question to the court upon the former hearing, and ought to be bound by its selection of the remedy which it thought proper to pursue.

Counsel for the present plaintiff in error, the Suburban Railroad Company, claim that the question here under consideration has already been passed upon by this court in the case of *Page* v. *People*, 99 Ill. 418. The facts, however, in the *Page case*, will be found upon examination to be very different from the facts in the case at bar. In the *Page case*, the original writ of error from a judgment of the county court, passing upon an objection to the rendition of judgment in a tax case, was sued out from the Appellate Court to the county court by the People upon the relation of the collector. At that time it is said that the Appellate Court had jurisdiction to issue a writ of error in such a case. The property owner, when the original writ of error was sued out by the collector, was a defendant in error and assigned no cross-error. Subsequently, the property owner sued out an original writ of error, not from the Appellate Court, but from this court for the purpose of reviewing the judg-

ment. The *Page case* was not a case where the defendant in error, who failed to assign a cross-error, was such defendant in error in the same court from which he subsequently sued out an original writ of error. Again, it does not appear in the *Page case*, that the same point, raised by the subsequent writ of error, was made before the court upon the former writ of error. But, in the case at bar, the same point, to-wit, the failure to make the mortgagee a party defendant to the cross-bill, was elaborately argued upon the first hearing of this case, and the present contention is merely a repetition of the arguments made upon the former hearing. No such state of facts existed in the *Page case.* Nor did it appear in that case that the interests of the plaintiff in error in the original proceeding were identical with the interests of the defendant in error, who subsequently sued out an original writ of error.

Section 78 of the Practice act provides that "in all cases of appeal to the Supreme Court or Appellate Court, or writ of error, the appellee or defendant in error may assign cross-errors; and the court shall dispose of the same as in other cases of assignment of error." (3 Starr & Curt. Ann. Stat.—2d ed.—p. 3106). While we have no disposition to overrule the case of *Page* v. *People, supra,* in so far as it holds that the words, "may assign cross-errors," are merely permissive, and that a defendant in error can omit to assign a cross-error, and then afterwards sue out a writ of error, and take the case up a second time, yet we are disposed to limit the doctrine of that case to the facts, upon which the statements in the opinion are based. In the *Page case* the court expressly say that, "if, when the record brought up by that writ was before that court, the question raised by the error here assigned was presented * * * the plea is good." (That is, that the party was estopped from again assigning error after having originally failed to assign a cross-error).

*Second*—Even if it be admitted, however, that the present plaintiff in error, the Suburban Railroad Company, has a right now to make the point here under consideration upon this writ of error, although it failed to make the same point upon the former hearing by assigning cross-error, yet we are not satisfied that it was necessary to make the mortgagee a party defendant to the cross-bill. The cross-bill was substantially a bill to abate a nuisance. The former decision of this court shows that the right of the railroad companies to have their tracks in the portions of the streets already mentioned expired in 1901. The original bill in this case was not filed until April, 1902. The owner of the privileges, granted by the ordinances, and of the tracks laid in the streets, was the Chicago Terminal Transfer Railroad Company. That company stood in the position of a landlord, or owner of the reversion. The Suburban Railroad Company was a mere tenant of the Chicago Terminal Transfer Railroad Company, or of the receiver in the foreclosure suit which had ended in a sale. Both the owner and the tenant were parties to the cross-bill, which was filed for the purpose of abating the nuisance. In case of such a bill, it is the party, that is in possession and obstructing the street or highway by a nuisance, who is the proper party defendant to such a bill. The nuisance was the presence of the tracks in the public streets, after all right to keep them in the public streets under the ordinances of the city had expired. The mortgagee, the Chicago Title and Trust Company, had not taken possession of the tracks, nor was it exercising any of the privileges or rights granted by the ordinances. The parties, maintaining the obstruction in the streets, were the two railroad companies who are parties to this proceeding, and not the mortgagee. If the mortgagee had commenced a proceeding to enforce its mortgage, and had taken possession of the tracks, and was operating the railroad, another question might arise. But no such question is here presented.

It is shown in the opinion already filed, that the Suburban Railroad Company had no right to keep its tracks in the streets, because the period, for which the city had granted the right so to operate its tracks in the streets, had expired in 1901. The Suburban Railroad Company, therefore, had no interest upon which the mortgage could take effect. In *Knopf* v. *Chicago Real Estate Board*, 173 Ill. 196, it appeared that the omitted party applied to the court below to come in and be made a party, and the court refused to allow him to do so. In that case, and in other cases referred to by counsel where the courts held that every person having an interest in the subject matter of the suit should be made a party, it appeared affirmatively that the absent party did have such interest. Here, however, it affirmatively appears that the Suburban Railroad Company had no right to obstruct the streets by keeping the railroad tracks in them. The only interest of the Suburban Railroad Company in the making of the mortgagee a party to the proceeding was to subject the tracks, so far as it owned them, to the payment of the mortgage which it had given. But, as all its interests and rights under the ordinances and in the streets had expired, it possessed no interest which could be subjected to the payment of the mortgage. The Suburban Railroad Company is the only party here complaining, and that company has no right to complain of any injury, because it has no property right which can be injured. The mortgagee, the Chicago Title and Trust Company, has never asked to be made a party to this proceeding. It does not appear here, nor did it appear in the court below, complaining that its rights were being disposed of without its presence. If it has any interests whatever which are affected by the decree below, then the decree entered in this case cannot deprive it of those interests, it not being a party; consequently, it will have its action against the city if its rights have been in any manner injured or prejudiced.

The rule, that all parties, who have a substantial interest in property in controversy that may be affected adversely by a decree, should be made parties to the suit, is oftentimes a rule whose application rests in the sound discretion of the court. In *Elmendorf* v. *Taylor*, 10 Wheat. 152, Chief Justice Marshall said upon this subject: "This objection does not affect the jurisdiction, but addresses itself to the policy of the court. Courts of equity require that all the parties concerned in interest shall be brought before them, that the matter in controversy may be finally settled. This equitable rule, however, is framed by the court itself, and is subject to its discretion. It is not, like the description of parties, an inflexible rule, a failure to observe which turns the party out of court, because it has no jurisdiction over his cause; but, being introduced by the court itself, for the purposes of justice, is susceptible of modification for the promotion of those purposes." (*Cockburn* v. *Thompson*, 16 Ves. 321; *Adair* v. *New River Co.* 11 id. 429; *Attorney General* v. *Jackson*, 11 id. 365; *Harvey* v. *Harvey*, 4 Beav. 215; *Chicago, Madison and Northern Railroad Co.* v. *National Elevator Co.* 153 Ill. 70).

Here, the mortgage made by the Suburban Railroad Company to the Chicago Title and Trust Company was made before the lease was made by the receiver to the Suburban Railroad Company. It is a question whether the mortgage embraced the after-acquired leasehold interest. But if it did take effect on such after-acquired interest, there was nothing for it to operate upon after that interest expired in 1901. It is a well settled rule that, in a bill to foreclose a mortgage, all parties having any interest in the land should be made parties defendant. Judgment creditors, having liens upon the equity of redemption, should be made parties defendant. But if it appears that more than seven years have elapsed after the rendition of a judgment, so that it is no longer a lien upon the equity of redemption, it certainly is un-

necessary to make the judgment creditor, owning such judgment, a party defendant to the foreclosure. After the lien of the judgment has expired, the interest of the judgment creditor in the premises is gone, and it is not necessary to make him a party. So, here, the period, for which the city of Chicago had granted to the railroad companies the right to maintain the tracks in the streets, had passed, and all their interest had lapsed; and, therefore, only the owner and the tenant, making use of the obstructions, were necessary parties. Persons, not in possession and having nothing to do with operating the road or maintaining the obstruction, were not necessary parties, although they may have been proper parties.

We hold now, as we held upon the former hearing, that the decree of the circuit court is right, and the same is affirmed.        *Decree affirmed.*