ARTHUR E. LOTT, Plaintiff in Error, *vs.* ABEL DAVIS *et al.* Defendants in Error.

*Opinion filed February 21, 1914.*

1. RELEASE OF ERRORS—*payment of judgment does not operate as a release of errors.* The payment of a judgment before or after execution issued does not operate as a release of errors, as it is not material whether the plaintiff in error can recover the money paid or not, since the erroneous judgment is itself an injury from which the law will presume damages.

2. SAME—*what does not waive right to have decree dismissing bill reviewed.* Where a bill to set aside a certificate of sale made by the bailiff is dismissed for want of equity, the only way the complainant can avoid the loss of his property is by procuring a reversal, and the fact that he subsequently redeems from the sale to prevent the execution of a deed and the surrender of possession of his property does not waive his right to have the decree reviewed by writ of error.

PLEA of release of errors.

SAMUEL B. KING, and JULE F. BROWER, for plaintiff in error.

CHARLES T. FARSON, and WILLIAM CHONES, for defendants in error.

Mr. JUSTICE DUNN delivered the opinion of the court:

The plaintiff in error filed his bill to have a certificate of sale of certain real estate, made by the bailiff of the municipal court of Chicago, declared a cloud upon the title of the plaintiff in error. Answers were filed, upon a hearing the bill was dismissed for want of equity, and, it being contended that a constitutional question is involved, a writ of error has been sued out of this court to reverse the decree.

The record shows that the plaintiff in error acquired title to the real estate in question on November 26, 1909, and his deed was recorded on December 3, 1909. The real estate was sold by the bailiff of the municipal court of Chicago on August 28, 1911, upon an execution issued on a judgment of the municipal court rendered on April 17, 1909, in a fourth-class case, against Albert F. Lott, the grantor of the plaintiff in error, and it is the certificate of this sale which the bill sought to have canceled. No certificate of levy was filed in the recorder's office and no levy of any execution issued on the judgment was made prior to July 25, 1911, the cause having been pending in the Appellate Court upon a writ of error, which was made a *supersedeas,* from May 15, 1909, to June 19, 1911.

The plaintiff in error insists that under the provisions of section 63 of the Municipal Court act, as amended in 1907, judgments of the fourth class do not become a lien upon the real estate of the defendants until an execution shall have been levied and a certificate of such levy filed in the recorder's office, while the defendants in error in their answer averred that a transcript of the judgment was filed in the recorder's office of Cook county on April 19, 1909, and that the judgment thereupon became a lien upon the real estate in question for the period of seven years. The defendants in error insist that if the provisions of section 63 are given the construction contended for by the plaintiff in error such provisions are unconstitutional.

The defendants in error are the bailiff of the municipal court, the plaintiff in the execution and the purchaser at the execution sale. The decree dismissing the bill was rendered on December 21, 1912. The defendants in error pleaded as a release of errors the following facts, viz.: That before the issuance of the writ of error the plaintiff in error, on December 24, 1912, redeemed from the sale by paying to the bailiff the amount of the sale with six per cent interest thereon, whereupon the bailiff executed a certificate of redemption, which was duly filed for record, and the purchaser accepted the redemption money so paid, whereby the certificate of sale was canceled and is no longer a cloud upon the title of the plaintiff in error, and the plaintiff in error is estopped to deny that the judgment was a lien upon the real estate in question or that the bailiff was authorized to make the levy and sale. To this plea the plaintiff in error, by leave of the court, filed two replications, averring, in substance, that at the time of the payment to the bailiff the time at which the purchaser would become entitled to a deed would have arrived on December 29, 1912; that there was not sufficient time between the entry of the decree and that date within which to obtain a decision by any competent court reviewing such decree, and that in order to prevent the prejudicial consequences to himself which would result from the execution of the deed in case the decree should be reversed, the plaintiff in error was compelled to pay, and did pay, to the bailiff the money mentioned in the plea and thereby averted the execution of the deed, and stated to the bailiff at the time that the payment was not voluntary but was made under protest, to prevent the execution of the deed. The defendants in error demurred to these replications, and the cause has been submitted on the demurrer.

The payment of a judgment before or after execution issued does not operate as a release of errors. (*Page* v. *People,* 99 Ill. 418; *Hatch* v. *Jacobson,* 94 id. 584; *Riche-*

*son* v. *Ryan,* 14 id. 74.) It is not material whether the plaintiff in error can recover the money paid or not, since the erroneous judgment is of itself an injury from which the law will presume damages. (*Page* v. *People, supra.*) In *Armstrong* v. *Douglas Park Building Ass'n,* 176 Ill. 298, a decree of foreclosure had been rendered, the mortgaged property sold, a deficiency decree rendered against the mortgagor and she had been ousted from the premises. In order to regain possession of the premises during the period of redemption the mortgagor paid the deficiency decree and then sued out a writ of error. The court said, on page 301 : "The fact that the deficiency decree was paid under stress of the supplemental decree, in order to procure appellant's discharge and secure possession of her property, did not waive her right to assign error on such decree."

The decree of dismissal fixed the rights of the parties, and the plaintiff in error could avoid the loss of his property only by procuring its reversal. By redeeming from the sale to prevent the execution of the deed and the surrender of the possession of his property he did not waive his right to have the validity of the decree reviewed by writ of error.

The defendants in error have cited cases from other jurisdictions in which the payment of a tax sought to be enjoined after a decree dismissing the bill has been held to be a waiver of the right to assign error, or the execution of a decree has been held to bar the right of the defendant to prosecute a writ of error for its reversal, but the decisions in those cases are not in accordance with the decisions of this court.

The demurrer is overruled and the defendants in error are given leave to join in error, if they so desire, and to file briefs by the first day of the next term.

*Demurrer overruled.*