The People of State of Illinois, Defendant in Error, v. Shamery Williams, Plaintiff in Error.

Gen. No. 46,463.

First District, First Division.

February 4, 1955.

Released for publication March 7, 1955.

Shamery Williams, of Joliet, pro se; William R. Ming, Jr., and George N. Leighton, both of Chicago, for plaintiff in error.

Latham Castle, Attorney General, of Springfield, for defendant in error; John Gutknecht, State's Attorney, and John T. Gallagher, Rudolph L. Janega, Arthur F. Manning, and Jordan Jay Hillman, Assistant State's Attorneys, all of Chicago, of counsel.

MR. PRESIDING JUSTICE BURKE delivered the opinion of the court.

An information charged that Shamery Williams on January 18, 1937, not being an apothecary, physician or dentist, did unlawfully have in his possession and under his control in the City of Chicago a certain habit forming drug, to wit: marijuana, without first having a written prescription therefor in violation of section 158, chapter 91, Illinois Rev. Stats. 1935 [Jones Ill. Stats. Ann. 88.23(2)]. On a plea of "not guilty" and a trial without a jury the defendant on January 19, 1937, was found guilty and sentenced to serve 90 days in the House of Correction and to pay a fine of $5 and costs. On January 13, 1954, the defendant prosecuted a writ of error from the Supreme Court to review the common-law record. That court transferred the case, holding that the record does not show that any constitutional question was raised in the trial court. (People v. Williams, 3 Ill.2d 79.)

The parties are in agreement that the sentence was served and the fine paid and that in 1951, based on the conviction in 1937, the defendant was indicted in the criminal court of Cook county and charged with possession of marijuana and sentenced as a second offender to the Illinois penitentiary for a term of 15 to 20 years. In People v. Shamery, 415 Ill. 177, the Supreme Court affirmed the 1951 criminal court judgment. In that case he was not represented by counsel and he did not urge the point presented in the case at bar.

██ ██ The defendant maintains that the 1937 information did not charge an offense known to the law and that the judgment is void. The People say that the information stated the offense in the language and terms of the Uniform Narcotic Drug Act in effect in 1937, and meets the requirements of the Criminal Code. Section 2 of that Act says that it is unlawful for any person to possess any narcotic drug except as authorized in the Act. Paragraph 14, section 1 of the Act

[Ill. Rev. Stats. 1935, ch. 91, § 157; Jones Ill. Stats. Ann. 88.23(1)] states that "narcotic drugs" means coca leaves, opium, cannabis and every substance neither chemically nor physically distinguishable from them. Paragraph 13 of the same section states that " 'Cannabis' includes the following substances under whatever names they may be designated; (a) The dried flowering or fruiting tops of the pistillate plant Cannabis Sativa L., [Linne] from which the resin has not been extracted, (b) the resin extracted from such tops, and (c) every compound, manufacture, salt, derivative, mixture, or preparation of such resin, or of such tops from which the resin has not been extracted." Defendant states that the possession of cannabis under the designation of marijuana is not a criminal offense unless of the specific quality and kind of substances set out in the statute, and that cannabis in any other form must be excluded. The information fails to allege that the drug is from the dried flowering or fruiting tops of the pistillate plant cannabis from which the resin has not been extracted. The proposition was resolved by our Supreme Court in People v. Sowrd, 370 Ill. 140, where Rose Sowrd was convicted on an information charging substantially in the language of the information in the case at bar, that she had in her possession "a certain habit-forming drug, to-wit: Marijuana without first having a written prescription" therefor. The defendant in that case was charged with having violated the statute on January 18, 1937, the same day that the defendant in the instant case is alleged to have violated the Act. The Supreme Court observed that in order to constitute an offense under the 1935 Act "it must appear that the Marijuana alleged to be possessed was from the dried flowering or fruiting tops of the plant, and that the resin had not been extracted." The court said (143):

"Possession of marijuana is not a criminal offense unless it is of the specific quality and kind defined by

the statute. No such charge is contained in the information here. Nor is that essential element of the offense embraced in any exception or exemption which, by section 21 of the act, need not be charged in the complaint and which is a matter of defense. On the contrary, it is a positive factor which must be alleged as well as proved. No rule of law is better settled than that an indictment or information must charge all the elements of the offense. . . . The information here, put to that test, does not charge the defendant with any offense known to the law."

In the Sowrd case the court called attention to the rule laid down in People v. Green, 368 Ill. 242, that if an indictment or information fails to state a cause of action the defect may be reached and the question raised on writ of error even if there has never been any motion to quash, for a new trial or in arrest of judgment. In the Sowrd case the Supreme Court reversed the judgment and remanded the cause with directions to discharge the defendant.

In Harris v. State, 179 Miss. 38, 175 So. 342, cited by the People, the Supreme Court of Mississippi held that the possession of cannabis sativa, commonly called marijuana, in any form is an indictable offense under the Uniform Narcotic Drug Act, and that by the use of the word "includes" the legislature did not intend subsection (13) of section 1 as an entire definition, but only as an addition or extension of the word "cannabis." The People state that counsel in the Sowrd case did not present the issues adequately to the Supreme Court. It is our duty to follow the rule laid down by the Supreme Court in the Sowrd case and to hold as the court did in that case that the information does not charge the defendant with any offense known to the law.

■ The People assert that as the judgment is fully satisfied by payment of the fine and costs and serving

the term of imprisonment only moot questions or abstract propositions are involved and that a reviewing court should dismiss the writ of error. A writ of error to review the judgment in a criminal case may be sued out by the defendant within 20 years after the rendition of the judgment. People v. Murphy, 296 Ill. 532. Rule 35 of this court (Supreme Court Rule 70) provides that where the defendant in error desires to file a motion in the nature of a plea, he shall file the motion in the office of the clerk not later than 20 days after the filing and service of plaintiff in error's abstract and brief, and that the plaintiff in error shall file his suggestions, if any, in opposition to the motion within 5 days thereafter, or within such further time as the court may allow, and that the motions and counter-suggestions shall be governed by Rule 5, which provides that when a motion is based on matter that does not appear in the record it shall be supported by affidavit. We shall consider the statements in the briefs that the defendant paid the fine and costs and served the sentence and that he was again convicted in 1951 as a plea by the People in bar of the prosecution of the writ of error under Rule 70. The facts are not in dispute.

There is a conflict in the decisions as to whether a defendant who satisfies a judgment and sentence by paying a fine and costs and serving a term in prison waives a right to a review of the conviction. The United States Supreme Court in United States v. Morgan, 346 U. S. 502, 74 S. Ct. 247, held that a person who had served a sentence imposed in a federal criminal case and who was later convicted by a New York state court on a state charge and sentenced to a longer term because of the prior conviction was entitled to an opportunity to attempt to show by a motion in a nature of a writ of error coram nobis that the conviction and sentence in the federal case should be set aside on the ground that his constitutional right to counsel had

511

been violated. Mr. Justice Reed, speaking for the majority said (512):

"Although the term has been served, the results of the conviction may persist. Subsequent convictions may carry heavier penalties, civil rights may be affected. As the power to remedy an invalid sentence exists, we think, respondent is entitled to an opportunity to attempt to show that this conviction was invalid."

In Commonwealth v. Fleckner, 167 Mass. 13, the defendant was sentenced to pay a fine, which he paid. The Commonwealth suggested that the defendant's exceptions could not be entertained because "the sentence has been imposed and executed." Mr. Justice Holmes, speaking for the court, said (15):

"We should be slow to suppose that the Legislature meant to take away the right to undo the disgrace and legal discredit of a conviction, . . . merely because a wrongly convicted person has paid his fine or served his term. The fact that no indemnity is provided by this act is far from enough to lead us to that conclusion. Of course the payment of the fine in accordance with the sentence was not a consent to the sentence, but a payment under duress."

In Lott v. Davis, 262 Ill. 148, a civil case, the court said (150):

"The payment of a judgment before or after execution issued does not operate as a release of errors. [Citing cases.] It is not material whether the plaintiff in error can recover the money paid or not, since the erroneous judgment is of itself an injury from which the law will presume damages."

In People v. Begley, 270 Ill. App. 197, the defendant, a police sergeant, was found guilty upon an indictment charging him with unlawfully demanding and receiving $1,000 by means of threats of arrest. He was sentenced to pay a fine of $2,500 and to be expelled

from the police department. He paid the fine. By a writ of error he questioned the judgment on the ground that the indictment was insufficient in law. The court said (199):

"A defendant, even after a plea of guilty and satisfaction of the sentence imposed, may question the judgment upon the ground that the indictment is insufficient to charge any offense."

In People v. Bandy, 239 Ill. App. 273, the court said (277):

"It has been held by the courts of other states that where the fine has been paid and the defendant discharged, the right to review, either by means of appeal or by writ of error, has been lost and that a writ of error or appeal will be dismissed. [Citing cases.] The basis of these decisions, however, seems to be that where the fine was paid, a judgment of reversal could accomplish no substantial benefit. But the case at bar where the judgment is erroneous because no crime was charged in the information presents a different question. We think, therefore, that plaintiff in error has the right to have the case reviewed upon writ of error and to have the erroneous judgment of conviction reversed even though he has paid the fine imposed by the county court . . . ."

See Page v. People ex rel. Weber, 99 Ill. 418.

In People v. Lee, 334 Ill. App. 158, in commenting on a contention by the People that payment of the fine imposed by a justice of the peace had rendered the question moot the court said (173):

"The observations contained in the Page and Lott decisions, which were civil cases, are even more pertinent, it seems to us, in the case of an erroneous conviction for a criminal offense."

In support of their position the People cite People ex rel. Wallace v. Labrenz, 411 Ill. 618. This appeal was from an order finding that an infant eight days

513

old was a dependent child whose life was endangered by the refusal of her parents to consent to a necessary blood transfusion. The court authorized the guardian to consent to a blood transfusion. The State contended that the case was moot and should be dismissed because the blood transfusion had been administered, the guardian discharged and the proceedings dismissed. The Supreme Court held that when the issue presented is of substantial public interest, a well-recognized exception exists to the general rule that a case which has become moot will be dismissed upon appeal. That case is not applicable to the facts of the instant case. We do not think that the case of People v. Redlich, 402 Ill. 270, cited by the People, is in point. In the recent case of People v. Shambley, 4 Ill.2d 38, the defendant was found guilty and fined under an information charging assault with a deadly weapon, and the People contended that the questions presented were rendered moot when he paid the fine. In rejecting the contention the Court said (40):

"Based upon these decisions and upon a consideration of the practical aspects of the situation, we think it only just and reasonable that the defendant be given an opportunity to clear his name of the charge he has steadfastly denied and, in view of his timely appeal, will not construe the payment of the fine as constituting a waiver of his right of review."

An examination of the authorities convinces us that despite the fact that the defendant has paid the fine and costs and served his term of imprisonment, he has a right to prosecute his writ of error. The judgment of the municipal court of Chicago is reversed.

Judgment reversed.

FRIEND and NIEMEYER, JJ., concur.