People of the State of Illinois, Plaintiff-Appellee, v. Mitchell Mosley (Impleaded), Defendant-Appellant.

Gen. No. 49,759.

First District, Third Division.

October 17, 1968.

Alan R. Orschel, of Chicago, for appellant.

John J. Stamos, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and James S. Veldman, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE SCHWARTZ delivered the opinion of the court.

 In a nonjury trial held on April 23, 1964, defendant was convicted of the offense of robbery and sentenced to serve three to five years in the State Penitentiary. He has served the sentence but still has the right to appeal. Burns v. People, 9 Ill2d 477, 138 NE2d 525; People v. Shambley, 4 Ill2d 38, 122 NE2d 172; People v. Williams, 4 Ill App2d 506, 124 NE2d 537. In his Points and Authorities the defendant contends that the trial court committed error when evidence of his written confession was admitted without a preliminary hearing as to its voluntariness and that he was not proven guilty beyond a reasonable doubt. The facts follow.

Emma Lee Walton testified that on October 24, 1963, she pawned her watch for $7 and bought a pint of wine. After having a drink of the wine she proceeded with a friend to her father's apartment at 4332 Calumet Avenue in Chicago. She entered the building and was knocking on her father's door when she saw the defendant enter the building. She testified that he grabbed her with one

arm around her waist and with the other hand he reached into the pocket of her slacks. He removed $6 in cash, some change and a pawn ticket and ran away. Two days later she picked the defendant out of a lineup of six or eight men at the police station.

Paul Tillman, a Chicago Police Department detective, testified that after Miss Walton identified the defendant, he took a written statement from the defendant at the police station in the presence of Miss Walton and a clerk. Tillman testified that the defendant had confessed to him that he followed Miss Walton to 4332 Calumet Avenue, that he observed a bill sticking out of her pocket and that he pulled it out of her pocket as she entered the building. No objection was made to that testimony. The State then offered the signed written confession which was admitted over the defendant's objection.

Defendant's own testimony is in substantial accord with that of the written confession. He testified that he observed Miss Walton walking ahead of him with a $5 bill sticking halfway out of her pocket and that she was staggering as if drunk. While she was still on the sidewalk he pulled the bill out of her pocket and walked across the street. He further testified that after he was arrested, Tillman and three other police officers handcuffed him to a chair, struck him in the stomach and covered his head with a plastic bag until he lost consciousness five times before he agreed to sign the written confession.

Defendant's attorney then moved to suppress the confession. The court held that it was too late to make the motion. His attorney informed the court that the defendant had made a written pro se motion to suppress before the case was transferred to Judge Harewood. The court nevertheless overruled the motion.

As to defendant's contention that it was error not to have had a hearing on the admissibility of the confes-

sion, the State contends that the defendant was accorded the equivalent of a hearing since all the witnesses who might have been presented at such hearing had been heard by the trial judge during the course of the trial. The State also contends that by failing to bring the motion to suppress to Judge Harewood's attention after the case had been transferred to him and before the trial began, the defendant had waived his right to a preliminary hearing on the issue of voluntariness. Lastly the State contends that the error was not prejudicial because the defendant admitted the facts contained in the statement by his testimony at the trial.

When a defendant moves to suppress a confession on the ground that it was not voluntary, the trial court must conduct a hearing in which the State must prove by a preponderance of the evidence that the statement was made voluntarily. The court is obliged to hold a hearing on admissibility even if the defendant does not request one. People v. Jackson, 31 Ill2d 408, 202 NE2d 465; People v. Taylor, 33 Ill2d 417, 211 NE2d 673. At such hearing the State to discharge its burden of proving that the confession was voluntary must produce all persons present when the statement was taken or account for their absence. People v. Wright, 24 Ill2d 88, 180 NE 2d 689; People v. Dale, 20 Ill2d 532, 171 NE2d 1. We have come to the conclusion, however, that the failure to hold such a hearing was harmless error and was not prejudicial to the defendant's case. People v. Strader, 23 Ill2d 13, 177 NE2d 126.

Defendant admits that he took the money from Miss Walton's pocket, and the only factual question left for the trial court's determination was whether defendant grabbed her around the waist as she testified or whether his denial that he grabbed her was to be believed. In both his written statement and his testimony at the trial

the defendant denies touching Miss Walton. The trial judge in finding the defendant guilty expressly stated that he did not believe the defendant and that he believed Miss Walton's testimony that the defendant grabbed her around the waist and forcibly removed the money from her pocket. Defendant could not have been prejudiced by the admission of a written statement which corroborated his own testimony and which in any event was expressly disbelieved by the trier of fact.

■■ Defendant's second contention is that he was not proven guilty beyond a reasonable doubt. He does not deny he took the money from Miss Walton's pocket. He denies only that he grabbed her around the waist as he did so. He admits the taking but denies the use of force in the taking and therefore contends that he was not proven guilty of robbery. Ill Rev Stats, c 38, § 18–1(a) (1967). Although defendant denies that he touched Miss Walton, she testified that he grabbed her forcibly around the waist when he removed the money and pawn ticket from her pocket. The question of credibility of witnesses is for the trier of fact and there is evidence to support the finding that defendant was guilty of robbery beyond a reasonable doubt. The judgment is accordingly affirmed.

Judgment affirmed.

DEMPSEY, P. J. and SULLIVAN, J., concur.