**People of the State of Illinois, Plaintiff-Appellee, v. William Arthur Johnson, Defendant-Appellant.**

Gen. No. 70–6.

Second District.

September 3, 1970.

Fred M. Morelli, Jr., Assistant Public Defender, of Aurora, for appellant.

William Ketcham, State's Attorney of Kane County, of Geneva, and W. Ben Morgan, Assistant State's Attorney, of Elgin, for appellee.

MR. JUSTICE SEIDENFELD delivered the opinion of the court.

Defendant appeals from an indeterminate sentence of one to five years for auto theft. Although having been released on parole after serving the required portion of the minimum term, he charges that the sentence is excessive.

 We have taken a motion to dismiss the appeal as moot by the State with the case. Although we have not been favored with authorities on behalf of either side, we have determined that we have jurisdiction to hear the appeal and therefore deny the motion. The right to a review of a criminal case has been held not to be affected by a full satisfaction, in the nature of the payment of a fine (The People v. Shambley, 4 Ill2d 38, 40, 41, 122 NE2d 172 (1954)), or by the serving of the

sentence. (Burns v. People, 9 Ill2d 477, 479, 480, 138 NE2d 525 (1965); People v. Mosley, 100 Ill App2d 361, 362, 241 NE2d 476 (1968)). Acceptance of parole, which involves restrictions on liberty and custody in but another department of the State, has been held in other jurisdictions not to render a criminal case moot. See Ann 9 ALR3d 462, 494. Defendants who are on probation may also appeal, even as to the conditions of probation (Ill Rev Stats 1967, c 110A, § 604(b) as amended). While the precise question whether an appeal may be taken by a defendant who has been admitted to parole and who does not question the merits of his conviction but seeks only to reduce the term imposed, appears to be of first impression in this State, we believe that the principles and policy set forth in the cited cases and inherent in the cited statute, likewise permit this appeal.

██ However, we find no merit in defendant's argument that the sentence should be reduced in the exercise of the power granted to this court under Supreme Court Rule 615. (Ill Rev Stats 1967, c 110A, § 615(b)(4)). The sentence included the minimum term permissible. The maximum was one-half of the statutory range. The trial court exercised its sentencing discretion in accordance with the sound principle of permitting the parole board to exercise its meaningful function of predicting the defendant's degree of rehabilitation.

We, therefore, affirm the judgment below.

Affirmed.

DAVIS, P. J. and ABRAHAMSON, J., concur.