### No. 12,594.

STATE EX REL. E. F. PERILLOUX VS. W. O. WILDER, MAGISTRATE.

A sentence imposing a fine for violation of a municipal ordinance was sought to be appealed from, alleging the illegality and unconstitutionality of the fine.

It appearing that the judgment in question has been acquiesced in and the fine imposed paid without qualification or protest, the writ of *mandamus* to compel the granting of the appeal is denied.

ON APPLICATION for Writs of *Mandamus* and *Certiorari*.

*H. L. Garland, Jr.*, for Relator.

———

Respondent *in propria persona* (*Stifft & Madison* of Counsel).

———

Submitted on briefs December 16, 1897.
Opinion handed down January 10, 1898.

———

The opinion of the court was delivered by

BLANCHARD, J. The complaint is that relator is denied the right of appeal, and the writ of *mandamus* is invoked to compel the granting of the same.

It appears that in May, 1897, the relator was charged before the mayor's court of the town of Slidell, parish of St. Tammany, with the violation of a municipal ordinance prohibiting any one from conducting the business of retail liquor dealer without having previously obtained a license.

On the trial he excepted to the power and jurisdiction of the court upon various grounds, among others that the ordinance in question is illegal and unconstitutional, and that Act No. 8 of 1896, authorizing municipal corporations to impose fines and imprisonment for non-payment of licenses as aforesaid, is unconstitutional.

His exceptions being overruled, he answered admitting the offence charged. Whereupon he was adjudged guilty and fined twenty-five dollars or ten days in the town jail.

A month later he applied to this court for writs of *certiorari* and prohibition against the enforcement of the sentence. A rule *nisi* issued, but on hearing was discharged on the ground that the mayor's court having jurisdiction, and there being an adequate remedy by appeal from its judgment, the writs applied for would not lie. 49 An. 1211.

Some time later relator filed an application in the mayor's court for an appeal to this court from the judgment imposing the sentence aforesaid. The mayor refused to grant the appeal, and thereupon relator filed the application for *mandamus* under consideration, averring that he has denied by appropriate pleas the legality and constitutionality of the fine imposed.

The respondent mayor, for cause why the writ should not be

granted, returns and shows that on the trial aforesaid before him the relator, after his exceptions were overruled, filed an answer admitting the acts complained of and for which he was arrested, whereupon, after due trial, he was found guilty, sentenced to the penalty hereinbefore mentioned, and that the fine and costs were paid and the accused released from custody.

He, therefore, pleads that the relator having been convicted, sentenced, the decree satisfied and the prisoner discharged, no cause exists for the writ sought.

Relator does not seek in any way to traverse this return. Indeed, we have been favored with no statement, or brief, on his behalf other than his petition for the writ.

It thus appears that the judgment from which an appeal is sought has been acquiesced in, and the fine imposed paid without qualification or protest.

Under such circumstances the law denies the right of appeal. C. P. 567; State *ex rel.* Lamarque vs. Recorder, 39 An. 328; Colvin vs. Woodward, 40 An. 629.

It is therefore decreed that the peremptory writ of *mandamus* be refused, and that the preliminary orders herein granted be discharged at relator's costs.