JOHNSON, Justice.*
|,We granted this writ application to reexamine the jurisprudence of this State as stated in State v. Morris, 328 So.2d 65 (La.1976), relative to whether the satisfaction of a misdemeanor sentence by payment of the fine imposed renders subsequent appellate review of the conviction moot. For the following reasons, we find that the court of appeal correctly denied the defendant’s writ application on the basis that the case was moot.
FACTS AND PROCEDURAL HISTORY
The defendant, Justin Malone, was charged with the misdemeanor of simple battery, a violation of La. R.S. 14:35, following a fight which occurred on or about February 10, 2006, outside of a restaurant/bar in Calcasieu Parish. The defendant entered a Not Guilty Plea, and was subsequently tried in Lake Charles City Court on April 4, 2008. Following the trial, the defendant was found guilty, and sentenced to a fine of $150.00, plus costs, or 30 days in jail.
The defendant paid the fine immediately following the conviction. The payment information was not made part of the record on appeal, however the receipt 12demonstrating payment of the fine on April 4, 2008, was included in the Appendix to the defendant’s writ application to this Court. Further, defendant’s counsel admitted at oral argument that payment of the fine occurred immediately after the defendant was sentenced. Thus, the issue of the timing of the payment of the fine is not in dispute.
On April 30, 2008, defendant filed a Notice of Intention to Apply to the Court of Appeal for Supervisory Writ of Review. A return date was set for May 30, 2008, and was subsequently extended to June 13, *116 2008 in order to provide additional time to obtain the trial transcript.
On August 15, 2008, the court of appeal denied the defendant’s writ with the following language:
The Defendant’s sentence has been satisfied; thus, the case is moot so as to preclude review of, or attack on, the conviction. State v. Morris, 328 So.2d 65 (La.1976); State v. Laborde, 543 So.2d 1051 (La.App. 3 Cir.1989).[1]
The defendant subsequently filed a writ application with this Court, which we granted.[2]
DISCUSSION
It is well-settled that “courts will not decide abstract, hypothetical or moot controversies, or render advisory opinions with respect to such controversies.” Cat’s Meow, Inc. v. City of New Orleans, 98-0601, p. 8 (La.10/20/98), 720 So.2d 1186, 1193; Perschall v. State, 96-0322 (La.7/1/97), 697 So.2d 240, 251. “A case is ‘moot’ when a rendered judgment or decree can serve no useful purpose and give no practical relief or effect.” Cat’s Meow, 98-0601 at p. 8, 720 So.2d at 1193 [citing Robin v. Concerned Citizens for Better Educ. In St. Bernard, Inc., 384 So.2d 405 (La.1980)].3 “If the case is moot, there is no subject matter on which the judgment of the court can operate.” Cat’s Meow, 98-0601 at p. 8, 720 So.2d at 1193; Perschall, 697 So.2d at 253.
There are three general rules which have developed when courts have considered whether a criminal case is moot so as to preclude review due to satisfaction of the sentence: (A) the traditional rule, (B) the liberal rule, and (C) the federal rule.[3] The traditional rule provides that the satisfaction of the sentence renders the case moot so as to preclude review; the liberal rule provides that an accused’s interest in clearing his name permits review even after the sentence has been satisfied; and the federal rule provides that satisfaction of a sentence renders the case moot unless, as a result of the conviction, the defendant suffers collateral consequences. 9 A.L.R.3d 462 at § 2a. The traditional rule is generally premised on a court’s lack of jurisdiction to hear moot cases, the courts’ reluctance to issue advisory opinions, the need to end litigation, and the assumption that an accused who satisfies his sentence accepts it. Id. The liberal rule is based on the interest of the accused in clearing his name. Id. And, the federal rule represents a compromise between the harsher traditional rule and the far-reaching liberal rule. The federal rule generally allows review of a conviction where there are serious collateral consequences, such as where the conviction is used to increase the sentence for a subsequent crime, where the defendant’s parole has been revoked from an earlier sentence due to the conviction, where the defendant has suffered a loss of his civil rights, or has been deprived of certain privileges. Id.
The ruling of the court of appeal denying the defendant’s writ is supported by |4long-standing jurisprudence from this Court holding that satisfaction of a misdemeanor sentence by payment of the fine imposed renders any subsequent review moot. In State v. Morris, 328 So.2d 65 (La.1976), relied on by the court of appeal, the defendant was convicted of possession *117 of marijuana as a second offender and sentenced to pay a fíne of $250.00 or be confined to jail for 90 days, and to serve six months in jail. The six-month jail sentence was suspended and defendant was placed on probation for one year. Defendant appealed, but paid the fine before the order of appeal was granted.
In deciding whether Morris still had a right to appeal, this Court noted that “Louisiana has adopted the view that the satisfaction of the sentence renders the case moot so as to preclude review of or attack on the conviction or sentence.” Morris, 328 So.2d at 66. This rule was based on earlier rulings by this Court in City of Lafayette v. Trahan, 157 La. 305, 102 So. 409 (1924) and State ex rel. Perilleux v. Wilder, 50 La. Ann. 388, 23 So. 203 (1898). In Trahan, this Court stated that “[a] new trial cannot restore life to him who has been hanged ... it cannot direct the return of a fine already paid into the fisc....” 157 La. at 307, 102 So. at 410. In Wilder, this Court stated that “[i]t ... appears that the judgment from which an appeal is sought has been acquiesced in, and the fine imposed paid, without qualification or protest. Under such circumstances, the law denies the right of appeal.” 50 La. Ann. at 390, 23 So. at 203.
While recognizing that this was the majority rule followed by many jurisdictions, this Court in Morris observed that an increasing number of courts permit review after satisfaction of the sentence if the accused will, as a result of the conviction, suffer collateral disabilities apart from the sentence. Morris, 328 So.2d at 66. Moreover, this Court took note that some jurisdictions had adopted the liberal |sview that an accused’s interest in clearing his name is enough to warrant review of or attack on the conviction or sentence even though the sentence has been satisfied. Id.[4]
At the time Louisiana adopted the traditional rule, the majority of jurisdictions followed this same rule.[5] While some courts have continued to follow the traditional rule, especially in cases involving *118 misdemeanor convictions,[6] there has been some shift of momentum in later cases towards the so-called federal rule, and occasionally the liberal rule. These cases have primarily declined to declare a case moot where the defendant shows that prejudicial collateral consequences would occur.[7]
| (¡The United States Supreme Court has developed a line of jurisprudence discussing mootness of criminal cases involving satisfied sentences. These cases do not involve satisfaction of the sentence by payment of a fine, but generally involve cases where the defendant has served his sentence before the case comes up for review. However, the policy considerations underlying these decisions have relevance to our discussion here.
*119 In St. Pierre v. United States, 319 U.S. 41, 63 S.Ct. 910, 87 L.Ed. 1199 (1943), the United States Supreme Court considered whether petitioner’s appeal was moot where he had fully served his sentence before certiorari was granted. In finding the case moot, the Court concluded that there was no longer a subject matter on which the judgment of the Court could operate. The Court reasoned that: “[t]he sentence .cannot be enlarged by this Court’s judgment, and reversal of the judgment below cannot operate to undo what has been done or restore to petitioner the penalty of the term of imprisonment which he has served. Nor has petitioner shown that under either state or federal law further |7penalties or disabilities can be imposed on him as a result of the judgment which has now been satisfied.” St. Pierre, 319 U.S. at 42-43, 63 S.Ct. 910. The Court further noted that the petitioner could have brought his case for review before the expiration of his sentence, and even though he had applied for bail to the district court and to the circuit court of appeals, he did not apply to the Supreme Court for a stay or a supersedeas. Moreover, the Court stated that “the moral stigma of a judgment which no longer affects legal rights does not present a case or controversy for appellate review.” Id. at 911-912.
The Supreme Court further developed the law on this issue in Fiswick v. United States, 329 U.S. 211, 67 S.Ct. 224, 91 L.Ed. 196 (1946). In Fiswick, the Court considered whether an appeal of a German national, convicted of conspiring against the United States, was moot where the petitioner had completed his sentence. The Court cited its earlier decision in St. Pierre, noting in that case the petitioner had not shown that additional penalties could be imposed on him as a result of the judgment. In holding that the case was not moot, the Court found that this case differed in that the petitioner’s conviction subjected him to deportation under federal law. The Court also recognized that the conviction would affect the petitioner’s ability to become naturalized, and, as a convicted felon, he might lose certain civil rights. Thus, the Court concluded that the petitioner had “a substantial stake in the judgment of conviction which survives the satisfaction of the sentence imposed on him.” Fiswick, 329 U.S. at 222, 67 S.Ct. 224.
In Jacobs v. New York, 388 U.S. 431, 87 S.Ct. 2098, 18 L.Ed.2d 1294 (1967), the Court, in a per curiam order, granted the State’s motion to dismiss the petitioner’s appeal as moot. While the Court did not issue an opinion elaborating on its reasoning, the dissenting opinions shed light on the Court’s order. Petitioner was convicted of violating a New York obscenity law, and was given a 60-day suspended sentence. The Court based its |sdismissal on the fact that under New York law, the maximum time during which appellant could have had his suspended sentence revoked and replaced by a prison sentence was one year from the date of the original sentence. Because that time period had passed, the case was dismissed as moot.
In dissenting from the dismissal of the appeal as moot, Chief Justice Warren wrote:
The practical result of the Court’s willingness to dismiss this appeal as moot is that States may insulate their convictions under laws raising constitutional questions from review on the merits by this Court by the simple expedient of a suspended sentence where a time limit for the imposition of an executed sentence is short enough to run before an appeal can be taken to this Court. A State could thus keep a person under continual threat of imprisonment with *120 out review by this Court of any constitutional objections to his convictions by a continued series of convictions and suspended sentences. By the time any single conviction could be brought to this Court, the defendant’s jeopardy under that particular sentence would be concluded. However, the defendant could still be oppressed by subsequent suspended sentences which would themselves be unreviewable by the time the defendant could bring his case to this Court. I cannot agree that the commands of the United States Constitution can be this easily suspended by the States. Moreover, this power, which under this dismissal can be exercised without constitutional restraint, gives the State a weapon which might in some cases be used to suppress constitutionally protected conduct.
Jacobs, 388 U.S. at 482-33, 87 S.Ct. 2098. In the same decision, Justice Douglas added in dissent:
The mootness doctrine is expressive of the need for antagonistic parties whose vigorous argument will sharpen the issues. It is part of the “case or controversy” requirement of Article III. St. Pierre v. United States, 319 U.S. 41, 42, 63 S.Ct. 910, 87 L.Ed. 1199. But it is not so rigid as to defeat substantial rights, nor so inflexible as to prevent this Court from facing serious constitutional questions. Thus, we have held that service of a sentence does not render a case moot where the conviction, if allowed to stand, will result in collateral disabilities such as a loss of civil rights. Fiswick v. United States, 329 U.S. 211, 67 S.Ct. 224, 91 L.Ed. 196; United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248.
Jacobs, 388 U.S. at 436-37, 87 S.Ct. 2098.
In Carafas v. LaVallee, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968), the court considered whether a habeas corpus proceeding was moot because the petitioner had been unconditionally | flreleased from custody. Citing Fiswick, the Court held that it was clear that the petitioner’s case was not moot. The Court noted numerous consequences of the defendant’s conviction: he could not engage in certain businesses; he could not serve as an official of a labor union for a specified period of time; he could not vote in any election held in New York State; and he could not serve as a juror. The Court held that “because of these disabilities or burdens which may flow from petitioner’s conviction, he has a substantial stake in the judgment of conviction which survives the satisfaction of the sentence imposed on him.” Carafas, 391 U.S. at 237, 88 S.Ct. 1556.
Shortly after Carafas, the Court issued its opinion in Sibron v. State of New York, 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968). In Sibron, the petitioners had been convicted of crimes in New York on the basis of evidence seized from their person by the police. They challenged the constitutionality of a New York stop-and-frisk law. The Court first addressed the issue of mootness because one of the petitioners had completed his six-month sentence. The Court noted that its decision in St. Pierre was broad, but subject to qualifications the Court had recognized, and which were developed in later cases. Sibron, 392 U.S. at 51, 88 S.Ct. 1889. The Court commented that there had been numerous occasions in the past where it had proceeded to adjudicate the merits of criminal cases in which the sentence had been fully served, and thus the “mere release of the prisoner does not mechanically foreclose consideration of the merits by this Court.” Id. The Court stated that, unlike the petitioner in St. Pierre, Sibron was precluded from obtaining bail pending ap *121 peal, and he could not have realistically applied for review earlier. Id. at 53. The Court further noted that this case involved numerous collateral consequences, and concluded that “none of the concededly imperative policies behind the constitutional rule against entertaining moot controversies would be served by a dismissal in this case. There is nothing abstract, feigned, or | inhypothetical about Sibron’s appeal. Nor is there any suggestion that either Sibron or the State has been wanting in diligence or fervor in this litigation.” Id. at 57. The Court explained that “St. Pierre v. United States, supra, must be read in light of later cases to mean that a criminal case is moot only if it is shown that there is no possibility that any collateral legal consequences will be imposed on the basis of the challenged conviction.” Id. at 57.
With this background in mind, we are presented with the question of whether the traditional rule, which has long prevailed in Louisiana, should be overruled or modified.
The defendant acknowledges that the court of appeal’s ruling is consistent with the controlling precedents of this Court, but suggests that the controlling precedents should be overruled or modified in favor of the liberal or federal rule. The defendant notes that he was ordered to pay the $150.00 fíne or spend 30 days in jail. Thus, he paid the fine because he had an interest in avoiding incarceration. Moreover, he will suffer collateral consequences as a result of the conviction.[8]
The defendant further argues that the court of appeal’s denial of his writ application as moot is unconstitutional and in violation of the right to judicial review enshrined in Article 1, Section 19 of the Louisiana Constitution of 1974. Defendant argues that State v. Morris relied on jurisprudence which predated the 1974 Constitution in which the right to judicial review was explicitly enunciated.
In addition, defendant argues that the writ denial is in conflict with La. C. Cr. P. Art. 912.1(C)(2), which provides that an application for review by the defendant shall not suspend the execution of sentence, unless the defendant is admitted to post | nconviction bail.[9]
Defendant admits that judicial review can be intelligently waived, but that he should be given clear notice of that right and be required to explicitly waive it. He *122 argues that he did not acquiesce in the court’s judgment by paying the fine he was ordered to pay.
The State primarily argues that there has been no denial of the right to appellate review, but, rather, there was a failure of the defendant to properly preserve that right. The State points out that the defendant never asked for a stay of his sentence, and instead satisfied the judgment against him before the desired appellate review was sought. The State asserts that Moms is still good law and was properly applied by the court of appeal in denying the defendant’s writ application.
We first address the constitutional argument raised by the defendant. The defendant correctly points out that this State’s jurisprudence incorporating the “traditional rule” predates the addition of Article 1, Section 19 of the 1974 Constitution.
La. Const, art. 1, § 19 provides:
|i2No person shall be subjected to imprisonment or forfeiture of rights or property without the right of judicial review based upon a complete record of all evidence upon which the judgment is based. This right may be intelligently waived. The cost of transcribing the record shall be paid as provided by law.
While this section of the Constitution was newly added in 1974, provisions for review of criminal cases, and specifically misdemeanor cases, existed prior to the enactment of Section 19. A review of the transcripts of the Louisiana Constitutional Convention of 1973 makes clear that this section was adopted by floor amendment to address the concerns of some Convention delegates about a situation that would have resulted from changes made in the proposed new Constitution relative to the rights of defendants convicted of minor offenses.
The Constitution of 1921 provided for appellate jurisdiction in the district courts “from sentences imposing a fine or imprisonment by a mayor’s court or by a city or municipal court.” La. Const. art. 7, § 36 (1921).[10] These appeals were conducted via a trial de novo with the same evidence presented in the lower courts. Id. However, under the proposed articles of the new Constitution, this right to appeal by trial de novo in the district courts was eliminated. The new proposed constitutional articles provided for a right of direct appeal to the Louisiana Supreme Court for a defendant convicted of a felony, or when a fine exceeding five hundred dollars or imprisonment exceeding six months was actually imposed. La. Const, art. ||SV, § 5(D)(2) (1974).[11] The proposal provided for no *123 other specific right to appeal, and simply provided that “[i]n all criminal cases not provided in Paragraph (D)(2) of this Section, a defendant has a right of appeal or review, as provided by law.” Id. Thus, some of the Convention delegates perceived that a gap would be created relative to the right of review for defendants convicted of minor offenses. Records of the Louisiana Constitutional Convention of 1973: Convention Transcripts, September 6, 1973, Vol. 6 at 1133. The delegates’ specific concern was the perceived lack of right to obtain review of the conviction based upon a record. Id. In sum, the delegates surmised that the Convention had removed the provision for appeal by trial de novo, and once the new Constitution would become effective, a person sentenced to less than six months in jail would have no right of appeal, and no right of review based upon a record. Id. As a result, an amendment was offered, which was adopted and became Section 19 of the Constitution of 1974. Id. at 1138.
Based on its history, we do not view Article 19 as creating a new right of review that did not exist prior to the 1974 Constitution, but, rather, as a protection or retention of a previously existing right to review based on a record. Thus, the addition of Section 19 does not require us to abandon or modify the general rule as set forth in Morris.
We are cognizant of the important policy concerns underlying the federal and liberal rules. We further recognize that the federal rule is generally supported by the United States Supreme Court, as demonstrated in the cases previously discussed. However, based on the facts presented in this case, we need not finally determine | Mwhether our general adherence to the traditional rule should be abandoned.
Although this Court has generally held that satisfaction of a sentence moots appellate review, this Court has also suggested an exception, which is directly applicable to the facts of this case. In State v. Verdin, 192 La. 275, 187 So. 666 (1939), this Court indicated that even full satisfaction of a sentence by payment of a fine would not amount to acquiescence in the judgment or abandonment of an appeal if a defendant could prove by sufficient evidence that he had a contrary intention. In Verdin, this Court did not find that review of the defendants’ sentences were necessarily rendered moot by their payment of the fines because it appeared from the record available to the Court that they may have paid the fines after their petition for supervisory review had been filed and granted, and after the trial court denied their request for bail pending review in this Court. Verdin, 192 La. at 283-284, 187 So. at 668. This Court remanded the case to complete the record with additional findings of fact by the trial court to resolve a dispute between the state and defendants over the timing of their payment of the fines and their application for review. Verdin, 192 La. at 284, 187 So. at 668. In remanding the case, this Court observed that “if relators in this case paid their fines to avoid remaining in jail after the district judge had refused them bail, they did not, in our opinion, acquiesce in the judgment nor abandon their application for relief to this court....” Id.
Thus, relative to misdemeanor cases where the defendant’s sentence consists of a fine, if the defendant demon *124 strates that he is not acquiescing in the judgment, or abandoning his right to review, satisfaction of the sentence by payment of the imposed fine will not render subsequent review moot. The defendant here failed to take any action to indicate that he did not acquiesce in the judgment and sentence. Nor did he take any action demonstrating his objection to the conviction and sentence | 16prior to his payment of the fine.
There is nothing in the record to indicate that the defendant was required to pay the fine immediately in lieu of incarceration. Even if payment was due immediately pursuant to La. C. Cr. P. art. 888, there is nothing in the record to show that the defendant requested additional time to pay.[12] Nor is there any other indication in the record to demonstrate that the defendant paid the fine under protest, or otherwise reserved his right to contest the conviction. The defendant could have indicated an intent to apply for a supervisory writ on the record immediately following the conviction and sentence, however he failed to do so. Defendant did not file his Notice of Intention to Apply for Supervisory Writ of Review until April 30, 2008, almost a month after he paid the fine.
Additionally, La. C. Cr. P. art. 912.1 provides that an application for review by the defendant shall not suspend the execution of sentence, unless the defendant is admitted to post-conviction bail. La. Const, art. 1, § 18 provides, in pertinent part, for post-conviction bail:
(A) Excessive bail shall not be required. Before and during a trial, a person shall be bailable by sufficient surety, except when he is charged with a capital offense and the proof is evident and the presumption of guilt is great. After conviction and before sentencing, a person shall be bailable if the maximum sentence which may be imposed is imprisonment for five years or less; and the judge may grant bail if the maximum sentence which may be imposed is imprisonment exceeding five years. After sentencing and until final judgment, a person shall be bailable if the sentence actually imposed is five years or less; and the judge may grant bail if the sentence actually imposed exceeds imprisonment for five years.
The defendant had the right to apply for post-conviction bail pending an appeal, but | lfihe failed to do so. The defendant could also have requested a stay of the execution of the sentence pending appellate review, but he did not. Even if his request had been denied, the completion of the sentence would have been involuntary, thus indicating an intent to retain his right to appellate review.
In sum, we are not required to look beyond Moms and Verdin to resolve the issue presented in this case. While we are sympathetic to the defendant’s concerns about clearing his name, and possible collateral consequences resulting from his conviction, the defendant was not deprived of his right to appellate review by the payment of the fine. We find that the failure of the defendant to obtain review of his conviction to be a result of his own actions, or lack thereof. The defendant had the right to request judicial review, but he failed to preserve that right.
The record indicates that, following his conviction, defendant paid his fine *125 and costs without first filing his Notice of Intent to Apply for Supervisory Writ, without asking for a suspension of the sentence, without requesting post-conviction bail, and without making any record that the payment was made under protest or that it was made with any reservation. Under these circumstances, we find that the voluntary payment of the fine and costs before appeal renders this matter moot. Our holding, based on the facts presented, is that the defendant voluntarily paid his fine, thus satisfying his sentence voluntarily. In order to preserve any issue for review in a misdemeanor criminal case where the sentence consists of a fine, the defendant must either request appellate review prior to paying the fine, or make payment of the fine under circumstances that record the payment is not voluntarily made, if payment occurs before appeal.
CONCLUSION
117For the above reasons, we find that the court of appeal correctly denied the defendant’s writ application as moot. We hold that, based on the facts presented, and in keeping with our decisions in Morris and Verdin, the defendant’s voluntary payment of the fine imposed as a misdemeanor sentence prior to applying for appellate review, and without recording any objection to the fine, renders any subsequent review of the conviction or sentence moot.[13]
DECREE
AFFIRMED.
KIMBALL, C.J., dissents.
KNOLL and WEIMER, JJ„ dissent and assign reasons.

 Judge Benjamin Jones, of die Fourth Judicial District Court, assigned as Justice Pro Tem-pore, participating in the decision.

. State v. Malone, 08-0761 (La.App. 3 Cir. 8/15/08) (unpub'd).

. State v. Malone, 2008-2253 (La.6/26/09), 11 So.3d 494.

. In Morris, the issue for consideration was whether payment of a fine, which does not fully satisfy the judgment, will render the case moot. This Court held that the payment of a fine, which does not entirely satisfy the court’s judgment, will not render the case moot. This Court reasoned that most criminal defendants who pay their fines do so to avoid incarceration, and thus to find that an accused has acquiesced in the court's judgment from this fact alone is a legal fiction. This Court further reasoned that "(ejven where a sentence of imprisonment has been suspended, the accused is under a burdensome restraint and a threat of incarceration.” Morris, 328 So.2d at 66. Although Morris correctly sets out this State’s general rule that full satisfaction of a sentence moots appellate review, the facts and holding of Morris are not directly applicable to this case. Unlike Moiris, Mr. Malone's sentence was fully satisfied by the payment of the fine.

. See, e.g.: Kitchens v. State, 4 Ga.App. 440, 61 S.E. 736, 736-37 (1908) (stating that "appellate court[s] will not investigate and decide the abstract questions involved in a case” in the context of a defendant who paid a fine to avoid serving on a chain gang); Stucki v. Oklahoma City, 31 Okla.Crim. 155, 236 P. 900 (1925) (finding appeal moot when, before the appeal was taken, appellants paid in full the fine and costs); Commonwealth v. Kramer, 162 Pa.Super. 448, 58 A.2d 193, 193 (1948) (finding that when the fine was paid in full “there was a complete compliance with the sentence of the court; the questions became moot; the matter was at an end”); People v. Pyrros, 323 Mich. 329, 35 N.W.2d 281, 282 (1948) (finding that there was "nothing to appeal from” when a ”[d]efendant, by having paid the fine imposed, thereby accepted all of the sentence”); Winkler v. State, 252 S.W.2d 944, 944 (Tex.Crim.1952) (stating that "the question raised on this appeal has become moot” because ”[t]he fine assessed and all costs adjudged against appellant [have] been paid”); Washington v. Cleland, 49 Or. 12, 88 P. 305 (1907) ("the plaintiff having paid the entire amount of the fine, the mandamus proceeding to stay execution of the fine was moot”); State v. Snyder, 88 Idaho 479, 401 *118 P.2d 548, 550 (1965) (after the satisfaction of a judgment in a criminal case there is nothing on which a judgment of the appellate court can act effectively because there is nothing from which to appeal, and further proceedings are moot).

. See, e.g.: Moeller v. Solem, 363 N.W.2d 412 (S.D.1985); Maxwell v. State, 261 N.W.2d 429 (S.D.1978); State v. Haskell, 492 A.2d 1265 (Me.1985); State v. Welch, 701 S.W.2d 770 (Mo.Ct.App.1985) and State v. Hamm, 807 S.W.2d 692 (Mo.Ct.App.1991) (indicating that Missouri follows the traditional rule where defendant voluntarily pays fine before appeal); Fouke v. State, 529 S.W.2d 772 (Tex.Crim.App.1975) ("the benefits of the traditional rule as applied in misdemeanor convictions when fines are voluntarily paid is sufficient for us to refuse to overrule our prior cases; that rule has a salutary effect of ending litigation and avoiding the necessity for advisory opinions")

. See, e.g.: Tracy v. Municipal Court for Glendale Judicial Dist., 22 Cal.3d 760, 150 Cal.Rptr. 785, 587 P.2d 227 (1978) (court opted to resolve issue of right to counsel despite payment of fine); Jackson v. People, 151 Colo. 171, 376 P.2d 991, 994 (1962) (finding that the “question of guilt is not [made] moot” by the payment of a fine because the convicted defendant "now is burdened with the stigma of guilty which could be of immeasurably greater importance to him and his future status among his fellow men than the punishment administered”); Chaplin v. State, 141 Ga.App. 788, 234 S.E.2d 330 (1977) (defendant’s potential vulnerability to probation revocation considered, significant); State v. Scott, 83 Conn.App. 724, 851 A.2d 353, 355 (2004)("even if circumstances underlying the case change to preclude actual relief, a controversy continues to exist, affording the court jurisdiction, if the actual injury suffered by the litigant potentially gives rise to a collateral injury from which the court can grant relief”); State v. Superior Court of Maricopa County, 93 Ariz. 351, 380 P.2d 1009, 1011 (1963) ("the law recognizes and protects an individual’s interest in his reputation and it would be absurdly inconsistent to dismiss as moot a proceeding initiated to clear one's name of the stigma and infamy of an allegedly erroneous conviction on a criminal charge”); State v. Wilson, 41 Ohio St.2d 236, 325 N.E.2d 236 (1975)(where a defendant, convicted of a criminal offences, has voluntarily paid tire fine or completed the sentence for that offense, an appeal is moot when no evidence is offered from which an inference can be drawn that the defendant will suffer some collateral disability or loss of civil rights from such judgment or conviction); State v. Golston, 71 Ohio St.3d 224, 643 N.E.2d 109 (1994) (distinguishing between misdemeanor and felony convictions and recognizing that a person convicted of a felony has a substantial stake in the judgment of conviction which survives the satisfaction of the judgment imposed; therefore an appeal challenging a felony conviction is not moot even if the entire sentence has been satisfied before the matter is heard on appeal); People v. Delong, 101 Cal.App.4th 482, 124 Cal.Rptr.2d 293 (2002) (noting that California subscribes to the so-called liberal view); People v. Williams, 4 Ill.App.2d 506, 124 N.E.2d 537, 540 (1955) (indicating that Illinois would follow the liberal rule because it is "only just and reasonable that the defendant be given an opportunity to clear his name of the charge he has steadfastly denied”); Duncan v. State, 190 Md. 486, 58 A.2d 906 (1948) (payment of a fine did not deprive defendant of his statutory right of appeal because he had a substantial stake in the judgment of conviction).

. Defendant asserted that there was a collateral civil proceeding pending in the 14th Judicial District Court arising out of this incident in which he was sued for damages, and that under some legal theories, the conviction may be used against him.

. La. C. Cr. P. art. 912.1 provides:
A. The defendant may appeal to the supreme court from a judgment in a capital case in which a sentence of death actually has been imposed.
B. (1) The defendant may appeal to the court of appeal from a judgment in a criminal case triable by jury, except as provided in Paragraph A or Subparagraph (2) of this Paragraph.
(2) An appeal from a judgment in a criminal case triable by jury from a city court located in the Nineteenth Judicial District, except as provided in Paragraph A of this Article, shall be taken to the Nineteenth Judicial District in the parish of East Baton Rouge.
C.(1) In all other cases not otherwise provided by law, the defendant has the right of judicial review by application to the court of appeal for a writ of review. This application shall be accompanied by a complete record of all evidence upon which the judgment is based unless the defendant intelligently waives the right to cause all or any portion of the record to accompany the application.
(2) An application for review by the defendant shall not suspend the execution of sentence, unless the defendant is admitted to post-conviction bail.

. La. Const. art. 7, § 36 (1921) provided:
The district courts have appellate jurisdiction, except as otherwise provided in this Constitution, of the following cases: All appeals in civil cases tried by justices of the peace within their respective districts; all appeals in civil cases tried in city or municipal courts within their respective districts where the amount in dispute, or the value of the movable property involved does not exceed one hundred dollars, exclusive of interest; all appeals from orders of justices of the peace requiring a peace bond; and all appeals from sentences imposing a fine or imprisonment by a mayor's court or by a city or municipal court. These appeals shall be tried de novo and without juries; but no evidence shall be admitted on the trial de novo which was not offered in the lower court unless it is shown to the satisfaction of the court that, despite the exercise of reasonable diligence by the party offering it, such evidence could not have been produced at the trial in the court below. (This section was amended by Acts 1956, No. 607, adopted Nov. 6, 1956; Acts 1958, No. 561, adopted Nov. 4, 1958).

. La. Const. art. V, § 5(D)(2) (1974) provided, in pertinent part: "a case shall be appeal-able to the supreme court if ... (2) the defendant has been convicted of a felony or a fine exceeding five hundred dollars or imprison *123 ment exceeding six months actually has been imposed.”
This section was amended in 1980 to provide for direct criminal appeal to the Louisiana Supreme Court only for a defendant convicted of a capital offense and a penalty of death actually imposed.

. La. C. Cr. P. art. 888 provides: “Costs and any fine imposed shall be payable immediately; provided, however, that in cases involving the violation of any traffic law or ordinance, the court having jurisdiction may grant the defendant five judicial days after rendition of judgment to pay any costs and any fine imposed.”

. Because we find that the court of appeal correctly denied defendant’s writ as moot, we do not reach the merits of the conviction.