MARION F. EDWARDS, Chief Judge.
hOn August 27, 2010, the Jefferson Parish District Attorney charged the relator, Terry Labeau (“Labeau”), with one count of possession of cocaine, a violation of La. R.S. 40:967(C). Labeau filed a motion to suppress statements and evidence. On January 18, 2011, the motions to suppress were heard and denied.
Labeau filed an application for supervisory writs in this Court in March 2011. In a two-to-one decision, we denied writs, finding no reason to exercise our supervisory jurisdiction on the showing made and noting that Labeau had an adequate remedy on appeal, if convicted. State v. Labeau, 11-K-246 (La.App. 5 Cir. 3/18/11) (unpublished writ). Judge Johnson dissented with Reasons. Labeau filed an application for supervisory writs in the Louisiana Supreme Court and, on June 24, 2011, the supreme court granted the writ application, remanding the matter to this Court for briefing, argument, and opinion. State v. Lebeau, 11-0733 (La.6/24/11), 64 So.3d 207.
As per the order, the matter was set, heard, and submitted on September 13, 2011. Prior to the issuance of this Court’s opinion on the issues presented, Labeau filed a Motion To Withdraw Writ Application, informing this Court that the criminal case has now been resolved in the district court.
Therefore, there can be no further relief available through this writ. It is well-settled that “courts will not decide abstract, hypothetical or moot 12controversies, or render advisory opinions with respect to such controversies.”[1] A case is moot when a rendered judgment or decree can serve no useful purpose and give no practical relief or effect.[2] Accordingly, by this opinion, we dismiss the writ application as moot.

DISMISSED AS MOOT

. State v. Malone, 08-2253, p. 2 (La.12/1/09), 25 So.3d 113 (quoting Cat’s Meow, Inc. v. City of New Orleans, 98-0601, p. 8 (La.10/20/98), 720 So.2d 1186, 1193).

. Id.