PAUL A. BONIN, Judge.
|!J.H. admitted the allegations of the petition accusing him of first-offense possession of marijuana, a misdemeanor-grade act.[1] At the time of his admission, however, he reserved the right to appeal the juvenile-court judge’s denial of his motion to suppress evidence under State v. Crosby.[2] The trial judge entered an order of adjudication, imposing a deferred dispo-sitional agreement whereby further proceedings were suspended, generally conditioned upon J.H.’s good conduct for six months. Upon J.H.’s satisfactory completion of the six-month period, the juvenile-court judge discharged J.H. from further supervision, set aside the adjudication, and dismissed the petition with prejudice. See La. Ch.C. art. 896 F.
Because we also noticed that J.H. is now over the age of seventeen, we directed the parties to show cause in writing why the appeal should not be dismissed as moot. See State v. Malone, 08-2253 (La.12/1/09), 25 So.3d 113. |2 Having the benefit of the parties’ responses, we now conclude that, *750 because any judgment by us can serve no useful purpose and give no practical relief or effect, this entire matter is moot, and we accordingly dismiss the appeal.
We briefly explain our decision below.
I
Having reserved his right to a Crosby appeal, J.H. assigned as error the trial judge’s denial of his motion to suppress the marijuana seized from him.[3] Under Crosby, the relief which we would grant to a successful appellant would be to set aside the guilty plea (or, in a delinquency proceeding, the child’s admission to the petition[4]) and remand for further proceedings. See State v. Crosby, 338 So.2d 584, 592 (La.1976) (“Finally, in our review of preplea rulings or conduct, we may vacate the plea and remand for a new trial if we are not able, in the light of the above principles, to make adequate review of the assignments presented to us.”); see also, e.g., State in the Interest of J.E.T., 09-67, p. 25 (La.App. 3 Cir. 5/6/09), 10 So.3d 1264, 1279. But here the adjudication of delinquency has already been |3set aside; indeed the entire proceeding has been dismissed with prejudice. J.H. tellingly confirms in written argument that he “has achieved the best result he could have obtained as a result of the appeal.”
Conversely, if J.H. were unsuccessful in this appeal, our judgment would not reinstate his admission to the offense, reinstate the adjudication, nor revive the delinquency proceeding against him. Thus, our judgment can change nothing. A “moot” case is one in which a judgment can serve no useful purpose and give no practical effect. See Robin v. Concerned, Citizens for Better Educ. in St. Bernard, Inc., 384 So.2d 405, 406 (La.1980). When a case is moot, there is simply no subject matter on which the judgment of the court could operate. Cat’s Meow, Inc. v. City of New Orleans Through Dept. of Finance, 98-0601, p. 8 (La.10/20/98), 720 So.2d 1186, 1193. And in such a case, jurisdiction, although once established, may abate. Id.
II
J.H.’s second assignment of error requested us to review his disposition as an error patent.[5] Again, because the adjudication has been set aside and the proceedings dismissed, any view that we might express at this point would be purely advisory. More importantly for our purposes, it is clear from the judgment submitted to us by the parties in response *751 to our show cause order that, in light of “no subsequent arrests and/or convictions” of J.H., the juvenile-court judge on 14Pecember 10, 2013 (after the appeal was lodged in our court) granted the dismissal of the proceedings under Article 896: “If the child satisfactorily completes the court ordered period of suspension, the court shall discharge the child from any further supervision or conditions, set aside the adjudication, and dismiss the petition with 'prejudice.” La. Ch.C. art. 896 F (emphasis added).
Here again, any action on our part at this point in time can have no corrective effect on the outcome in this matter.
Ill
J.H., in response to our show cause order, raises several questions undoubtedly occasioned by the reference in our order to State v. Malone. Malone considered whether a defendant’s payment of a fine before he applied for supervisory review of his conviction for a misdemeanor offense mooted his request for judicial review of the conviction. 08-2253 at pp. 1-2, 25 So.3d at 115. The Supreme Court held on the facts presented that the voluntary payment of the fine and costs before appeal rendered judicial review moot. Id., 08-2253 at p. 16, 25 So.3d at 124-125. Our reference to Malone was not intended, however, to suggest that J.H. voluntarily acquiesced in the trial court’s decision before filing his motion for appeal. To the contrary, the record is clear that he intended to obtain judicial review by tendering his admission to the petition under Crosby.
J.H. also expresses concern about whether dismissal of his appeal as moot is a subterfuge whereby a suspended sen-fence might be employed to insulate | ^convictions against constitutional challenges.[6] J.H. himself, however, is no longer at risk of a reoccurrence of the sort of encounter with the police which gave rise to his appeal. The police encounter here was on account of the officer’s reasonable belief that J.H. was absent from school during normal school hours. See La. Ch.C. art. 733.1 A. Only children ranging in ages seven through sixteen are subject to such an encounter. Ibid, (emphasis added). J.H. is now the age of seventeen. Because he cannot be subjected to a reoc-currence of the police conduct, cf. Louisiana Associated Gen. Contractors, Inc. v. State through Div. of Admin., Office of State Purchasing, 95-2105, p. 9 (La.3/8/96), 669 So.2d 1185, 1193, our expressing a view whether or not the eom-plained-of police conduct violated his Fourth Amendment rights would under these circumstances only be advisory. And we shun rendering advisory opinions. See Cat’s Meow, Inc., 98-0601 at p. 8, 720 So.2d at 1193.
DECREE
The appeal of J.H. is dismissed as moot.
APPEAL DISMISSED.
JENKINS, J., Dissents with Reasons.

. " 'Misdemeanor-grade delinquent act’ means any offense which if committed by an adult is other than a felony and includes the violation of an ordinance providing a penal sanction." La. Ch.C. art. 804(8). First-offense possession of marijuana is punishable by a fine of not more than $500, imprisonment in the parish jail for not more than six months, or both. See La. R.S. 40:966 E(l). Because the offender may not be sentenced to death or imprisonment at hard labor, the offense is a misdemeanor. See La. R.S. 14:2(4),(6).

. 338 So.2d 584 (La. 1976).

. Specifically, J.H. complains that he was subjected to a search of his person at the time the police officer was preparing to lawfully transport him to a truancy center. He correctly notes that being absent from school without justification is not a crime. He claims that his Fourth Amendment right to be secure in his person was violated because the officer had no probable cause to believe he had committed a crime at the time of the search. Cf. State in the Interest of R.D., 99-801 (La.App. 5 Cir. 11/30/99), 749 So.2d 802. See also D.O. v. State, 77 So.3d 787 (Fla. 3rd Dist.Ct.App.2011).

. In delinquency proceedings, a petition is the functional equivalent of an indictment or bill of information. See La. Ch.C. art. 845 A; La.C.Cr.P. art. 464. “The petition shall conclude with a request that the court adjudicate the child to be delinquent.” La. Ch.C. art. 845 D. A child may admit to the allegations of the petition, and after determining that there is a factual basis for adjudication, the trial judge may adjudicate the child delinquent. See La. Ch.C. art. 856 A(3). Thus, an admission is comparable to a plea of guilty (but without the morally pejorative connotation). See La.C.Cr.P. arts. 552(1), 556, 556.1.

.In particular, J.H. argues that the juvenile-court judge both deferred the disposition and at the same time imposed the disposition. Cf., State in the Interest of Lucas, 543 So.2d 634, 635-636 (La.App. 1st Cir.1989).

. J.H. references Jacobs v. New York, 388 U.S. 431, 431-432, 87 S.Ct. 2098, 18 L.Ed.2d 1294 (1967) (Warren, C.J., dissenting). We express no opinion on whether a civil action under 42 U.S.C. § 1983 could be maintained on behalf of J.H.