| | | |
|---|---|---|
| **STATE OF LOUISIANA** | * | **NO. 2018-KA-0777** |
| **VERSUS** | * | |
| | | **COURT OF APPEAL** |
| **NATHANIEL LAMBERT** | * | |
| | | **FOURTH CIRCUIT** |
| | * | |
| | | **STATE OF LOUISIANA** |

**\* \* \* \* \* \* \***

**CONSOLIDATED WITH:**  **CONSOLIDATED WITH:**

**STATE OF LOUISIANA**  **NO. 2018-K-1024**

**VERSUS**

**NATHANIEL LAMBERT**

APPEAL FROM
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 387-752, SECTION "D"
Honorable Kimya M. Holmes, Judge
\* \* \* \* \* \*
**Judge Tiffany Gautier Chase**
\* \* \* \* \* \*
**ON REMAND**

(Court composed of Judge Daniel L. Dysart, Judge Joy Cossich Lobrano, Judge
Tiffany Gautier Chase)

James William Craig
Hannah Lommers-Johnson
THE RODERICK & SOLANGE MACARTHUR JUSTICE CENTER
4400 S. Carrollton Avenue
New Orleans, LA 70119

      COUNSEL FOR DEFENDANT/APPELLANT

Jason Rogers Williams
G. Benjamin Cohen
DISTRICT ATTORNEY, ORLEANS PARISH
619 S. White Street
New Orleans, LA 70119

      COUNSEL FOR THE APPELLEE, THE STATE OF LOUISIANA

          **AFFIRMED IN PART; RELIEF DENIED**
          **DECEMBER 15, 2021**

*TGC*
*DLD*
*JCL*

This matter is before this Court on remand from the United States Supreme Court pursuant to its opinion in *Ramos v. Louisiana*, 590 U.S. ___, 140 S.Ct. 1390, 206 L.Ed.2d 583 (2020). Accordingly, we review our previous affirmation of defendant's re-sentence in light of *Ramos*. Based on the record before this Court and *Ramos*, we affirm defendant's conviction and sentence for aggravated rape; find that he is not entitled to relief for the aggravated burglary conviction and sentence; and find that defendant's challenge to his conviction and sentence for aggravated crime against nature is moot.

## **Facts and Procedural History**

The facts of this case are not relevant to the underlying appeal but are set forth in this Court's first appellate opinion. *State v. Lambert*, 1998-0730 (La.App. 4 Cir. 11/17/99), 749 So.2d 739, *writ denied*, 2000-1346 (La. 1/26/01), 781 So.2d 1258.[1] After a trial on the merits, defendant was found guilty of aggravated rape,

---

[1] For further facts and procedural history s*ee State ex rel. Lambert v. State*, 2002-2119 (La. 8/29/03), 852 So.2d 1014; *State ex rel. Lambert v. State*, 2004-2987 (La. 8/19/05), 908 So.2d 650; *State ex rel. Lambert v. State*, 2006-1038 (La. 11/3/06), 940 So.2d 659; *State ex rel. Lambert v. State*, 2010-0205 (La. 1/28/11), 56 So.3d 972; *State ex rel. Lambert v. State*, 2012-1219 (La. 9/28/12), 98 So.3d 836.

aggravated burglary and aggravated crime against nature. Defendant's conviction for aggravated rape was by a unanimous jury.[2] The jury returned non-unanimous verdicts (11-1) on the aggravated burglary and aggravated crime against nature charges. Defendant subsequently filed a motion for new trial. Prior to ruling on defendant's motion for new trial, the trial court sentenced defendant to life imprisonment on the aggravated rape conviction; thirty years on the aggravated burglary conviction; and fifteen years on the aggravated crime against nature conviction. The trial court subsequently vacated the original thirty-year sentence on defendant's conviction of aggravated burglary and re-sentenced him as a multiple offender to life imprisonment. While affirming defendant's convictions of aggravated rape, aggravated burglary and aggravated crime against nature, this Court vacated the sentences on the aggravated rape and aggravated crime against nature convictions based on the trial court's failure to rule on the motion for new trial prior to sentencing. *Id.* The trial court did not re-sentence defendant until 2018, at which time it imposed a parole-ineligible life sentence on the aggravated rape conviction and a 15-year sentence on the aggravated crime against nature conviction.

In his second appeal, defendant sought appellate review of the newly imposed sentences and this Court affirmed, finding no prejudice resulting from the delay between convictions and re-sentencing.[3] *State v. Lambert*, 2018-0777 (La. App. 4 Cir. 3/27/19), 267 So.3d 648, *writ denied*, 2019-00736 (La. 1/22/20), 291 So.3d 1043. On March 16, 2020, after the Louisiana Supreme Court denied writs

_____

[2] Defendant's unanimous conviction for aggravated rape is reflected in the trial court's minute entry.

[3] This Court also denied defendant's consolidated writ seeking review of the trial court's denial of his motion to correct illegal sentence. *Lambert*, 2018-0777, p. 1, 267 So.3d at 650.

but prior to the United States Supreme Court's decision in *Ramos*, defendant filed a writ of certiorari in the United States Supreme Court. On October 4, 2020, the United States Supreme Court granted defendant's writ of certiorari; vacated this Court's judgment affirming defendant's re-sentence; and remanded the matter to this Court for further consideration in light of *Ramos*. *Lambert v. Louisiana*, ___ U.S. ___, 141 S.Ct. 225, 208 L.Ed.2d 1 (2020).

### Discussion

Defendant's convictions of aggravated burglary and aggravated crime against nature were non-unanimous, however, his conviction of aggravated rape was unanimous. Thus, *Ramos* provides no relief to defendant as to his conviction and sentence of aggravated rape. Further, defendant's conviction and sentence of aggravated burglary were both final as of defendant's first appeal. *Lambert*, 1998-0730, p. 45, 749 So.2d at 767, *writ denied*, 2000-1346 (La. 1/26/01), 781 So.2d 1258. There was no requirement for re-sentencing on defendant's conviction of aggravated burglary and neither his conviction nor sentence for this charge were at issue in defendant's second appeal. *See Lambert*, 2018-0777, 267 So.3d 648. Therefore, *Ramos* does not affect defendant's conviction and sentence of aggravated burglary.

Whether *Ramos* operates to vacate defendant's conviction of aggravated crime against nature is the only remaining issue in the current appeal. On May 17, 2021, the United States Supreme Court rendered its opinion in *Edwards v. Vannoy*, ___U.S.___, 141 S.Ct. 1547, 209 L.Ed.2d 651 (2021), which held that *Ramos* only applied to cases on direct review. Thus, the narrow issue presented to this Court is whether defendant's challenge to his re-sentencing of the aggravated crime against

3

nature count was part of his direct appeal and thus entitles him to relief under *Ramos*.

## Direct Review of Re-sentencing

Contextually analyzing the narrow issue articulated above, defendant asserts that he remains on direct review because his sentence for aggravated crime against nature was not final at the time *Ramos* was decided. He maintains that the finality of his sentence did not occur as he was continuing to challenge his re-sentencing. Additionally, defendant submits that because his re-sentence was being reviewed, through a writ of certiorari at the time *Ramos* was decided, his aggravated crime against nature sentence never became final. Therefore, because he had not obtained a final judgment his case remains on direct review. Conversely, the State argues that defendant completed his entire sentence for aggravated crime against nature and thus, the conviction and sentence on that count is final and no longer subject to direct review. A writ of certiorari filed in the United States Supreme Court seeks review of a state's highest court ruling. In the case *sub judice*, on January 22, 2020 the Louisiana Supreme Court denied writs on this Court's affirmation of defendant's re-sentencing. Approximately two months later, defendant timely filed a writ of certiorari with the United States Supreme Court. The United States Supreme Court rendered its decision in *Ramos* on April 20, 2020 and granted defendant's writ of certiorari on October 4, 2020. Defendant's challenge to his re-sentence was pending when the United States Supreme Court rendered its decision in *Ramos* and is on direct review.

The right to appeal is a personal right and the defendant must be afforded an opportunity to exhaust all appellate options regarding the charge of aggravated crime against nature. *See* La. Const. Art. 1, § 19; *see also State v. Gonzales*, 1995-

4

0860, p. 7 (La.App. 4 Cir. 9/18/96), 680 So.2d 1253, 1256 (citing *State v. Simmons*, 390 So.2d 504 (La. 1980)). An appeal is the exercise of the right of the defendant or the state to have a ruling or judgment reviewed by the proper appellate court. La. C.Cr.P. art. 911. Pursuant to La. Const. Art. 1, § 19, "[n]o person shall be subjected to imprisonment or forfeiture of rights or property without the right of judicial review based upon a complete record of all evidence upon which the judgment is based… ."

However, "Louisiana has adopted the view that the satisfaction of the sentence renders the case moot so as to preclude review of or attack on the conviction or sentence." *State v. Malone*, 08-2253, p. 4 (La. 12/1/09), 25 So.3d 113, 117 (citing *State v. Morris*, 328 So.2d 65, 66 (La. 1976)).[4] Defendant's current legal issue became moot when defendant was re-sentenced on April 3, 2018, having served more than fifteen years on the aggravated crime against nature charge. In addition, defendant's conviction for aggravated crime against nature, which he contends would trigger a *Ramos* analysis, became final on April 26, 2001, when the delays for seeking a writ of certiorari from the United States Supreme Court expired. *See* U.S. Sup.Ct. R. 13(1). Accordingly, we find that defendant's full satisfaction of his sentence for aggravated crime against nature moots appellate review pertaining to a *Ramos* claim.

---

[4] In *Malone*, 08-2253, p. 3, 25 So.3d at 116 (citation omitted), the Supreme Court recognized that the federal rule, which the Court did not adopt, "generally allows review of a conviction where there are serious collateral consequences, such as where the conviction is used to increase the sentence for a subsequent crime, where the defendant's parole has been revoked from an earlier sentence due to the conviction, where the defendant has suffered a loss of his civil rights, or has been deprived of certain privileges." *Id.*, 08-2253, p. 3, 25 So.3d at 116 (citation omitted). In the case *sub judice*, Defendant failed to make a showing that, after his re-sentencing for aggravated crime against nature on April 3, 2018, he suffered any serious collateral consequences due to the resentencing, and especially considering that his sentence was satisfied.

5

## **Conclusion**

Based on the foregoing, we affirm defendant's conviction and sentence for aggravated rape; find that he is not entitled to relief for the aggravated burglary conviction and sentence; and find that defendant's challenge to his conviction and sentence for aggravated crime against nature is moot.

**AFFIRMED IN PART; RELIEF DENIED**