STATE OF LOUISIANA IN      *       NO. 2022-CA-0324
THE INTEREST OF J.H.

                                  *

                                  COURT OF APPEAL

                                  *

                                  FOURTH CIRCUIT

                                  *

                                  STATE OF LOUISIANA

* * * * * * *

APPEAL FROM
JUVENILE COURT ORLEANS PARISH
NO. 2022-014-06-DQ-C, SECTION "C"
Honorable Candice Bates Anderson, Judge
* * * * * *
**Judge Sandra Cabrina Jenkins**
* * * * * *
(Court composed of Chief Judge Terri F. Love, Judge Sandra Cabrina Jenkins,
Judge Tiffany Gautier Chase)

**ON APPLICATION FOR REHEARING**

Jason R. Williams
DISTRICT ATTORNEY
Brad Scott
Assistant District Attorney, Appeals Division
ORLEANS PARISH DISTRICT ATTORNEY'S OFFICE
619 S. White Street
New Orleans, Louisiana 70119

     COUNSEL FOR STATE OF LOUISIANA/APPELLEE

Katherine M. Franks
LOUISIANA APPELLATE PROJECT
P.O. Box 220
Madisonville, LA 70447

     COUNSEL FOR DEFENDANT/APPELLANT

                    REHEARING GRANTED FOR CLARIFICATION;
                           EN BANC REHEARING DENIED

        **AUGUST 19, 2022**

*SCJ*
*TFL*
*TGC*

The State seeks rehearing en banc of this Court's August 9, 2022 opinion reversing the delinquency adjudication of J.H. *State in the Interest of J.H.*, 22-0324 (La. App. 4 Cir. 8/9/22), -- So.3d --, 2022 WL 3210100. The State asserts that this Court's opinion contradicts established jurisprudential standards on (1) mootness, and (2) sufficiency of evidence.[1] As discussed below, we find no merit to the State's argument regarding our determination of mootness. However, we find merit in the State's argument regarding the Court's discussion of sufficiency of the evidence. Accordingly, herein, we issue a revised analysis of the sufficiency of the evidence in this case. Based upon this revised analysis, we find the entirety of the evidence, both admissible and inadmissible, is insufficient to support the

---

[1] The State also asserts that this Court's opinion contradicts caselaw regarding authentication of evidence. Under the revised sufficiency of evidence analysis, the assignments of error regarding hearsay and authentication of evidence are rendered moot. Nonetheless, we still find no merit in the State's assertion that our discussion of the authentication of evidence contradicts *State v. Gray*, unpub., 16-1195 (La. App. 4 Cir. 6/28/17), -- So.3d --, 2017 WL 3426021, or any other precedent on the issue.

1

conviction, and we maintain the reversal of J.H.'s disposition. Finally, we deny rehearing en banc.

*Mootness*

In deciding to maintain this appeal, rather than dismiss the appeal as moot, this Court noted our consideration of the constitutional and statutory right of appeal guaranteed to juveniles and the potential for the juvenile to face collateral consequences. The State now asserts that this Court's opinion "altered its existing standard for analyzing mootness, and contradicted the Louisiana Supreme Court when it considered collateral consequences in its mootness analysis." In addition, the State asserts this Court adopted the federal rule on mootness.

For clarification, this Court did not adopt a new standard or rule for determining mootness. That determination continues to be based upon the facts and circumstances of each case in light of relevant Louisiana jurisprudence.

This Court recognizes that Louisiana jurisprudence has generally followed "the traditional rule" of mootness, as explained by the Louisiana Supreme Court in *State v. Malone*, 08-2253, p. 3 (La. 12/1/09), 25 So.3d 113, 116. But, neither this Court nor the Louisiana Supreme Court applies the traditional rule mechanically, without consideration of the facts and circumstances of the particular case. *See Malone*, 08-2253, p. 14, 25 So.3d at 123-24 (recognizing an exception based upon the facts of a case that demonstrate defendant is not acquiescing in the judgment or abandoning his right to review); *State in the Interest of J.H.*, 13-1026, pp. 4-5 (La.

2

App. 4 Cir. 3/19/14), 137 So.3d 748, 751 (taking into consideration facts beyond the dismissal of the petition in finding the appeal moot).

In this case, we did not adhere mechanically to the traditional rule of mootness or dismiss the appeal as moot due to the completion of J.H.'s imposed disposition. This Court considered the record and facts presented in this case, in light of the traditional rule, and decided to maintain this appeal, which is within this Court's discretion.

*Sufficiency of evidence*

In the first assignment of error of this appeal, J.H. asserts that the evidence presented at trial was insufficient to establish J.H.'s illegal possession of a handgun beyond a reasonable doubt. J.H. also raises separate assignments of alleged trial error, regarding hearsay and authentication of evidence. "When issues are raised on appeal as to the sufficiency of the evidence and as to one or more trial errors, the reviewing court should first determine the sufficiency of the evidence." *State v. Falkins*, 12-1654, p. 8 (La. App. 4 Cir. 7/23/14), 146 So.3d 838, 845 (citing *State v. Marcantel*, 00-1629, p. 8 (La. 4/3/02), 815 So.2d 50, 55, citing *State v. Hearold*, 603 So.2d 731, 734 (La. 1992)).

When evaluating the sufficiency of the evidence in juvenile delinquency adjudications, the appellate court applies the same standard of review applicable to criminal cases that was first enunciated in *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Thus, the standard is whether, viewing all of the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the juvenile committed the offense beyond a reasonable doubt.

*State ex rel. T.C.*, 09-1669, p. 3 (La. App. 4 Cir. 2/16/11), 60 So.3d 1260, 1262 (citing *Jackson*, *supra*). The *Jackson* standard "specifically requires that the appellate court must determine that the evidence was sufficient to convince a rational trier of fact 'that all of the elements of the crime had been proved beyond a reasonable doubt.'" *State ex rel. C.N.*, 11-0074, p. 5 (La. App. 4 Cir. 6/29/11), 69 So.3d 711, 714 (citations omitted).

This Court's review of the sufficiency of the evidence includes the entirety of evidence, including admissible and inadmissible evidence that was erroneously admitted. *Falkins*, 12-1654, pp. 8-9, 146 So.3d at 845 (citing *Hearold*, 603 So.2d at 734). If the entirety of evidence is insufficient to establish all elements of the offense beyond a reasonable doubt, then the conviction must be reversed. *Id.*

In addition, appellate review of juvenile delinquency proceedings extends to both the law and facts. *State in the Interest of C.R.*, 19-0917, p. 6 (La. App. 4 Cir. 1/29/20), 290 So.3d 220, 223-24 (citing La. Const. art. V, §10(B)). "[A]s in the review of civil cases, a factual finding made by a trial court in a juvenile adjudication may not be disturbed by an appellate court unless the record evidence as a whole does not furnish a basis for it, or it is clearly wrong." *T.C.*, 09-1669, p. 3, 60 So.3d at 1262. "In sum, we apply the 'clearly wrong-manifest error' standard of review to determine whether there is sufficient evidence to satisfy the standard of proof beyond a reasonable doubt." *Id.*

In this case, J.H. argues the evidence presented at trial was insufficient to establish J.H. possessed a handgun in violation of La. R.S. 14:95.8, which provides in pertinent part as follows:

> A. It is unlawful for any person who has not attained the age of eighteen years knowingly to possess any handgun on his person. Any person possessing

any handgun in violation of this Section commits the offense of illegal possession of a handgun by a juvenile.

\*     \*     \*

D. For the purposes of this Section "handgun" means a firearm as defined in R.S. 14:37.2,[2] provided however, that the barrel length shall not exceed twelve inches.

The language of the statute requires possession "on his person"; and, therefore, "only proof beyond a reasonable doubt of actual possession of a handgun on the person … can suffice for an adjudication of delinquency under §95.8 A." *State in the Interest of T.M.*, 11-1238, p. 9 (La. App. 4 Cir. 3/28/12), 88 So.3d 1228, 1234-35, *rev'd in part on other grounds*, 12-0964 (La. 12/14/12), 104 So.3d 418. Consequently, "[c]onstructive possession alone by the juvenile of a handgun is insufficient for a finding beyond a reasonable doubt that a juvenile unlawfully possessed a handgun." *Id.*, p. 9, 88 So.3d at 1235.

At trial, the State offered only the testimony of Det. Bidichandani, who investigated the initial complaint of an aggravated assault with a firearm. The witnesses with whom Det. Bidichandani spoke did not appear to testify at trial. According to Det. Bidichandani's testimony, he learned the identity of the suspect from the witnesses, but he had no prior knowledge of the named suspect. To corroborate the witnesses' statements, Det. Bidichandani obtained the video surveillance footage from the date, time, and location of the incident, and, on that video, he viewed a person matching the witnesses' description brandishing a

---

[2] The current provision of La. R.S. 14:37.2 does not include a definition of "firearm." By La. Acts 2016, No. 225, §1, La. R.S. 14:37.2 was amended from the offense of "Aggravated assault upon a peace officer with a firearm" and reenacted as "Aggravated assault upon a peace officer", removing the element that the offense be committed with a firearm, and deleting the definition of "firearm". The prior versions of the statute defined "firearm" as "an instrument used in the propulsion of shot, shell, or bullets by the action of gunpowder exploded within it."

firearm.  Based on the statements and video, Det. Bidichandani obtained the arrest warrant for J.H. and a search warrant that resulted in the seizure of the "AR-style pistol" consistent with the firearm in the surveillance footage.  The State introduced both the video surveillance footage and the "AR-style pistol" seized pursuant to the warrant into evidence at trial.

The State presented no eyewitness testimony establishing J.H.'s actual possession of a handgun.  Det. Bidichandani testified that he based his in-court identification of J.H. on the statements and information provided by non-testifying witnesses and the video surveillance footage.  The Instagram posts showed to Det. Bidichandani by the non-testifying witnesses were not introduced into the record.  In addition, Det. Bidichandani testified he had no knowledge of J.H. prior to this investigation.  But, when viewing the video surveillance footage, Det. Bidichandani determined that the person in the video was the same as the person identified by the witnesses.

Regarding the handgun, Det. Bidichandani testified that the "AR-style pistol" seized pursuant to the warrant and introduced as evidence at trial was "consistent in appearance with the firearm" observed on the surveillance video.  On cross-examination, Det. Bidichandani testified that he could only identify the category of weapon in the video, but he could not state whether it was a real firearm or a replica; and, he could not testify definitively that the weapon seized pursuant to the search warrant was the same as that seen on the video.

In our review of the evidence introduced at trial, this Court viewed the video surveillance footage, which Det. Bidichandani relied upon to confirm the witnesses' allegations and identification of J.H. From this Court's review, without further corroborating eyewitness testimony, the identity of the person on the video cannot be determined. The record before us does not include a photograph of J.H. Thus, we have no means to review the trial court's determination that Det. Bidichandani's identification of J.H. is credible.

Beyond the inability to confirm the identification of J.H. from the video, Det. Bidichandani's testimony cannot establish that the object in the video is in fact an illegal handgun under the provisions of La. R.S. 14:95.8(D). Det. Bidichandani was unable to testify that the gun in the video was even real, and could not confirm that it was the same as the gun seized pursuant to the warrant.

In consideration of the testimony and evidence presented at trial, both inadmissible and admissible,[3] we find that no rational trier of fact could have found beyond a reasonable doubt that J.H. actually possessed an illegal handgun on January 4, 2022. Thus, the evidence is insufficient to sustain the adjudication.

## CONCLUSION

In consideration of the arguments raised in the State's application for rehearing, we grant rehearing, to provide clarification and a revised analysis.

---

[3] Although the review of the second and third assignments of error are rendered moot by the revised analysis of sufficiency of evidence, we do not withdraw our analysis regarding hearsay and authentication of evidence from our original opinion.

Aside from the revised analysis of the sufficiency of the evidence, this Court affirms its August 9, 2022 opinion, reversing J.H.'s adjudication.

**REHEARING GRANTED FOR CLARIFICATION;**
**EN BANC REHEARING DENIED**